FRANK DeSTEFANO, JOSEPH J. CRAHAN, ERVILLE MADISON, FREDERICK C. KNAPP, CHARLES J. KLASEK, Jr., JOHN J. O'DONNELL, FLOYD PRESTON AND FRANK ERRICKSON, PROSECUTORS-APPELLANTS, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND CITY OF RAHWAY, DEFENDANTS-RESPONDENTS.

Submitted February 13, 1943—Decided May 13, 1943.

For the appellants, *Eugene A. Liotta*.

For the respondent Civil Service Commission, *David T. Wilentz,* Attorney-General (*Harry A. Walsh,* of counsel).

For the respondent City of Rahway, *Eugene F. Mainzer*.

The opinion of the court was delivered by

HEHER, J. The essential question is whether appellants' rights as chancemen of the police force of the City of Rahway were invaded by the action of the State Civil Service Commission, taken on January 7th, 1941, directing the holding of a competitive examination for the "position of Patrolman, * * * open to citizens" of the municipality who

possessed certain specified qualifications. On July 31st, 1941, the Supreme Court allowed a writ of *certiorari* to review this action, but the writ was later dismissed on the ground that appellants were not thereby prejudiced. *DeStefano* v. *Civil Service Commission,* 127 *N. J. L.* 58; *Id.* 467. That course was deemed to be in accordance with the holding of this court in *Albert* v. *Caldwell,* 127 *Id.* 202, that "no legal wrong was done to the chancemen by examining others with them or indeed until the ordinance was violated by the actual appointment of an outside candidate not a chanceman, where there were chanceman eligibles who had passed the examination."

The Civil Service Commission found that, while the chancemen "may be regular members" of the local police department, and "may be considered for promotion to the next higher grade of patrolman," nevertheless the chancemen "appointed in Rahway include some who are beyond the statutory age limit for patrolman, others who, although appointed, have never served a day with the department, and still others whose appointments remain effective are no longer residents of the City;" that "None of these men was examined by the Commission, and it has no record of their medical and physical condition, nor are there any records indicating their capacity to act as patrolmen;" that "Regular members of the Uniformed Police Department become immediately on appointment members of the pension fund for the Police Department created under statute, and are subject to retirement after twenty years of service and age fifty, or earlier by reason of disability," and "It is highly important that men appointed to the regular police force, and beneficiary under the pension system, shall be fully qualified, both medically and physically, to withstand the exacting duties of patrolman and give promise of long and effective service." And its conclusion was that "it is not practicable, nor in the public interest, to direct that an eligible list shall be established from which appointments may be made to regular patrolmen * * * by examination limited to persons presently having the title and position of chanceman * * *."

These chancemen derive their status and authority from a local ordinance providing for the appointment of "suitable persons not exceeding six in number, to be known as Chancemen," charged with the exercise of all the powers and the performance of the duties of "regular patrolmen when called upon to do so by the Mayor or Chief of Police," and to be paid "while actually employed" the "same compensation as regular patrolmen."

R. S. 11:22-34 ordains that "A vacancy in a position in the competitive class shall be filled, as far as practicable, by promotions from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists;" and that "Promotions shall be based upon merit, to be ascertained by examinations provided by the commission, and upon the superior qualifications of the person promoted as shown by his previous service, due weight being given to seniority and experience." And the determination of the question of whether it is "practicable" to fill a vacancy by promotion "from among persons holding positions in a lower grade," according to "merit, to be ascertained by examinations," involves the exercise of a sound discretion, guided by the central policy of the statute. *DeStefano* v. *Civil Service Commission*, 126 *N. J. L.* 121; *Davaillon* v. *Elizabeth*, 121 *Id.* 380.

But the contention is made that the action thus taken by the Civil Service Commission is *coram non judice*, since appellants were not afforded "an opportunity to be heard;" and that, at all events, it constituted an abuse of discretion, in that it was not grounded upon an adequate factual investigation.

The determination of the practicability of filling a vacancy by a strictly promotional examination is essentially an administrative and not a judicial function; and a hearing on notice is therefore not a *sine qua non*. If there be an arbitrary and unreasonable exercise of this discretionary administrative power, the action is subject to review and correction by the appropriate judicial authority. *Vide Timmons* v. *Civil Service Commissioners*, 276 *Mass.* 142; 177 *N. E. Rep.* 1; 75 *A. L. R.* 1232; *Opp Cotton Mills* v.

*Administrator,* 312 *U. S.* 126; 61 *S. Ct.* 524; 85 *L. Ed.* 624. And compare *Brandon* v. *Montclair,* 124 *N. J. L.* 135; *affirmed,* 125 *Id.* 367.

There is no basis whatever for the conclusion that there was an arbitrary exercise of the statutory authority in the case at bar. Evidence was adduced before the Supreme Court on this issue; and it was appraised as devoid of indication of an abuse of discretion. We concur in that conclusion.

The City of Rahway adopted the Civil Service Act on November 2d, 1937; and it is said further that *R. S.* 40:47-5, 40:47-6 and 40:47-18, derived from statutes which pre-existed the city's acceptance of the Civil Service Law, and the local charter and ordinances conferred upon these appellants "vested rights" which remain unaffected by the provisions of the Civil Service Act. The point is obviously untenable. It suffices to say that the cited statutes are general in their application; and that, in so far as there is inconsistency, the provisions of the Civil Service Law prevail. Repugnant provisions of the charter and ordinances were also superseded. *McManus* v. *Caldwell,* 129 *N. J. L.* 111; affirmed at the current term of this court, 130 *N. J. L.* 175. *R. S.* 11:21-6, 11:21-9 and 11:22-24 are of no avail to appellants. Plainly, they were not designed to modify the provisions of *section* 11:22-34.

Judgment affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.

*For reversal*—None.