27 N.J. Super. 314 (1953)
99 A.2d 361
MYRTLE M. ROBERTSON, PLAINTIFF-RESPONDENT,
v.
MARCUS W. NEWCOMB, SUPERINTENDENT AND MEDICAL DIRECTOR OF THE NEWCOMB CHEST HOSPITAL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 10, 1953.
Decided September 14, 1953.
*316 Before Judges BIGELOW, WAESCHE and TOMASULO.
Mr. Thomas D. Begley argued the cause for the appellant.
Mr. James M. Davis, Jr., argued the cause for the respondent.
The opinion of the court was delivered by WAESCHE, J.S.C. (temporarily assigned).
This is an appeal from an order denying the defendant's motion to dismiss the complaint.
The defendant Marcus W. Newcomb is the Superintendent and Medical Director of said hospital. The Newcomb Chest Hospital is a county tuberculosis hospital, established pursuant to R.S. 30:9-48 by Burlington County, in New Lisbon, New Jersey. The plaintiff is Supervisor of Nurses of the Newcomb Chest Hospital.
Before the time of any act relating to this case, Burlington County had adopted the Civil Service Act, Subtitle 3 of Title 11 of the Revised Statutes, and plaintiff, therefore, contends that she holds a final and absolute appointment in the competitive class of the classified service under the Civil Service Act. She contends that she has satisfactorily completed a probationary period of three months as required by R.S. 11:22-6. Defendant contends that plaintiff did not receive her appointment as supervisor of nurses according to the provisions of the Civil Service Act, and hence the provisions of that act are not applicable in her case.
On or about March 10, 1953 the defendant furnished the plaintiff with a written statement of reasons for her removal as supervisor of nurses. The statement charges the defendant with incompetency, inefficiency, discrimination among nurses, lack of cooperation, and other improper conduct. The plaintiff was notified that the defendant would hold *317 a hearing on the said charges on March 26, 1953. The plaintiff answered the charges in writing.
The hearing on the charges aforesaid began on March 26, 1953. The complaint alleges that the defendant conducted the said hearing at that time in an unfair, hostile and illegal manner, so that the plaintiff was deprived of a fair and impartial trial. The plaintiff further states in her complaint that the defendant is biased and prejudiced against her, and that since he brought the charges against her and is acting as both prosecutor and judge, she cannot obtain a fair hearing before him.
The plaintiff in her complaint asks the court to order the defendant to conduct the hearing on the charges aforesaid in a fair and impartial manner or, in the alternative, to enjoin the defendant from proceeding further with the hearing on said charges.
On March 30, 1953 the plaintiff obtained in the court below in this proceeding an order directing the defendant to show cause why the action instituted by the defendant against the plaintiff should not be set aside, which order also temporarily restrained the defendant from continuing with the hearing on the charges against the plaintiff. This order was made returnable on April 6, 1953.
The defendant then served the plaintiff with notice of a motion to dismiss her complaint. This motion was made returnable on the same day, to wit, April 6, 1953.
The court denied the defendant's motion to dismiss the complaint, and restrained the defendant from proceeding with the hearing on the charges until further order of the court. The defendant appealed.
R.S. 11:21-4 provides that no employee of a county adopting the Civil Service Act shall be dismissed except in the manner prescribed by Subtitle 3 of Title 11 of the Revised Statutes. R.S. 11:22-38 provides that no employee holding a position in the competitive class shall be removed or discharged until he has been furnished with a written statement of the reasons for such action by the appointing authority, and allowed a reasonable time to make a written *318 answer thereto. A copy of the statement or reasons and the answer thereto, together with the action of the appointing authority, must be furnished forthwith to the Civil Service Commission and entered upon its records. This section of the statute provides further that the employee shall at once be notified, in writing, of the action taken on the charges and answer. Should the action of the appointing authority remove or discharge the employee, such action shall not take effect until approved by order of the Civil Service Commission. The employee has ten days in which to appeal to the Civil Service Commission from the action of the appointing authority.
R.S. 11:22-39 provides that if the employee appeals to the Civil Service Commission within the ten-day period, the Commission shall fix a time and place for hearing the case. The Commission shall hear witnesses and receive all competent evidence, and shall determine the case upon the evidence presented before it. If the Commission should disapprove of the action of the appointing authority, the action of said authority shall be of no effect.
R.S. 11:25-1 provides for an appeal to the Civil Service Commission from a violation of any provision of Subtitle 3 in removing an employee from office. Upon an appeal the Commission may review any unlawful act (R.S. 11:25-2), and may reinstate an employee who has been removed in violation of the Civil Service Law (R.S. 11:25-3).
Even though the plaintiff is entitled to invoke the provisions of the Civil Service Act in her behalf, there has been no violation, as yet, of any provision of the Civil Service Law. This act does not require a hearing before the appointing authority on any charges preferred against a civil service employee. As we have already pointed out, the act only requires that a copy of such charges and the employee's written answer thereto, together with the action of the appointing authority, be filed with the Civil Service Commission. Any action of the appointing authority removing or discharging the employee does not take effect until such action is approved by the Civil Service Commission *319 Since the employee has ten days after receiving notice of his removal or discharge to apply to the Civil Service Commission for an investigation of the charges, and since the Civil Service Commission may determine the case upon the evidence produced at the hearing before it, the plaintiff has an adequate remedy before the Civil Service Commission for relief from any wrongful action of the defendant, provided her employment is subject to the Civil Service Law.
Section 30:9-53 of the Revised Statutes provides that the superintendent of a county tuberculosis hospital shall be the chief executive officer of the hospital. He shall appoint, with the consent of the board of managers, such employees as he may think proper and necessary for the efficient performance of the business of the hospital, and prescribe their duties. For cause, stated in writing, after an opportunity to be heard, he may discharge an employee. We think the defendant is the appointing authority referred to in section 11:22-38 of the Revised Statutes.
We do not find that the defendant has, as yet, violated any statutory requirements.
The plaintiff alleges in her complaint that the defendant is prejudiced and biased against her and that, therefore, she cannot get a fair and impartial hearing before him. She further alleges that the manner in which the defendant conducted the hearing on March 26, 1953 already proves that she will not receive, from the defendant, a fair and impartial hearing. For the purposes of determining this motion on appeal, we must assume that the allegations of the complaint are true. However, mere bias and prejudice, standing alone, is not sufficient for the court to interfere with the hearing of the charges made by the defendant. Rinaldi v. Mongiello, 4 N.J. Super. 7 (App. Div. 1949).
At this time, we will not review the defendant's manner of conducting the hearing on the charges because it relates only to the admission or rejection of evidence, and certiorari does not lie to prevent anticipated wrongs.
For the reasons heretofore stated, the complaint ought to be dismissed and the restraint set aside.