JOHN A. SULLIVAN, PLAINTIFF-RESPONDENT, v. JOHN J. ROE, DIRECTOR OF REVENUE AND FINANCE, TOWNSHIP OF NORTH BERGEN, DEFENDANT-APPELLANT.

Argued February 28, 1955—Decided March 28, 1955.

*Mr. Albert Burstein* argued the cause for appellant.

*Mr. Sol Schulman* argued the cause for respondent.

The opinion of the court was delivered by

HEHER, J. This proceeding in lieu of *certiorari* to review the removal, November 18, 1953, of the plaintiff Sullivan

from the office or position of Supervisor of Accounts of North
Bergen, a commission-governed municipality, *R. S.* 1937,
40:70-1 *et seq.*, was dismissed by the Law Division of the
Superior Court for failure to exhaust the administrative
process according to *R. R.* 4:88-14. The Appellate Division
reversed the judgment, holding in an unreported opinion
that even though the Civil Service Act, *R. S.* 1937, 11:19-1
*et seq.*, was in force in the municipality, and the position
was in the classified service, and "there was available to the
Supervisor an administrative remedy" in the form of an
"appeal from and review of such removal and full hearing"
before the Civil Service Commission, *R. S.* 11:22-38 *et seq.*,
*R. S.* 11:25-1, 2, 3, "jurisdiction to appoint and to remove"
the supervisor "inheres" in the departmental director, here
the Director of Revenue and Finance, and for want of the
essence of the public hearing on notice prescribed by *R. S.*
40:72-7, as amended by *L.* 1953, *c.* 37 ("no proofs having
been adduced, even informally, of the charges made against
him," and the "statement of those charges was so completely
vague as not even to amount, in our opinion, to the 'written
statement of the reasons for such action' required as a con-
dition for removal by the Civil Service Act itself, *R. S.*
11:22-38, 46"), the "jurisdiction of the Director to remove
the employee, if it existed at all, was merely colorable," and
the interests of justice required the "speedy solution" of
the "questions raised" by this proceeding "without the neces-
sity of exhaustion of administrative remedy in the usual
course," and so it was error to dismiss the complaint. In-
deed, it is said that "If there be charges but no proof,"
which was found to be the case here, "the action is void."
The judgment of the Law Division was reversed; "and
since," it was found, "the record settles facts which * * *
entitled the plaintiff to summary judgment in his favor,"
there was a remand for the entry of an "appropriate judg-
ment amounting to a nullification of the removal proceedings
against him."

Summary judgment was accordingly entered in the Law
Division of the court in favor of the plaintiff Sullivan, de-

claring the "removal proceedings a nullity in all respects and for nothing holden," and directing the reinstatement of plaintiff to his position forthwith and the payment of "back salary" from the time of his removal to the date of the entry of the judgment.

Judge Pindar, dissenting, suggested that the removed public servant has a wholly adequate review under the Civil Service Act, *R. S.* 11:22–38 *et seq., supra,* and so this judicial review of the defendant director's "administrative" act transgressed the policy of prior exhaustion of administrative remedy embodied in *R. R.* 4:88–14.

The case is here on defendant's appeal of right under *Article* VI, *Section* V, *paragraph* 1(b) of the 1947 *Constitution.*

■ The judgment of the Appellate Division proceeds on the fundamental misconception that for want of a hearing according to the requirements of due process the removal was void *ab initio;* but even on this hypothesis the dismissal of the proceeding itself without a disposition on the merits, and the judgment for "back salary," cannot be justified.

Dual protection against removal save for cause, in nature the same, is accorded the civil servant of a commission-governed municipality subject to the State Civil Service Law who is within the favored class, but the removal procedure in such cases is for obvious reasons of policy according to the mode prescribed by the Civil Service Act.

The Walsh Act so provides in terms. Any officer or employee appointed by the board of commissioners is subject to removal "for cause, after public hearing, provided its action shall be taken in accordance with the civil service and tenure of office laws in municipalities where such laws have been adopted or are applicable and such action shall be subject to review by a proceeding in lieu of prerogative writ." *R. S.* 40:72–7, as amended by *L.* 1953, *c.* 37.

■ The Civil Service Law, *R. S.* 11:22–38, ordains that "No officer, clerk or employee holding a position in the competitive class shall be removed, discharged, fined or reduced," except as therein provided in relation to probationers, "until

he has been furnished with a written statement of the reasons for such action by the appointing authority and been allowed a reasonable time to make answer thereto"; a copy of the "statement or reasons" therefor and the answer thereto, "with the action of the appointing authority," shall be furnished forthwith to the Commission, and entered of record, and the accused servant "shall at once be notified, in writing, of the action taken on such charges and answer"; the "action of the appointing authority ordering or directing such removal, discharge, fine or reduction shall not take effect until approved by order of the commission"; and if the person so removed or otherwise disciplined shall not, within ten days after such notification, apply to the Commission for an "investigation of the charges" on which the adverse action was taken, "under such rules as the commission shall prescribe," such order "may be approved, as of course, without hearing or investigation." If such application be made within the time prescribed, *R. S.* 11:22–39, the Commission is enjoined to provide a plenary hearing on notice according to the traditional concept of due process, and to "determine the case upon the evidence presented," tested for trustworthiness by the accepted techniques and procedures; and "If the commission shall, on such hearing, disapprove of the order of removal, discharge, fine or reduction, such order so disapproved shall be of no effect." And by *R. S.* 11:22–40 the Commission may, *ex mero motu,* if in its opinion section 38, *supra,* has not been fully observed, "or if an affidavit" to that effect "shall be presented," direct a "hearing and approve or disapprove the order the same as if an application for investigation as provided" by the latter section "had been made."

There is like tenure protection, *R. S.* 11:22–46, 47, for officers, clerks and employees in the noncompetitive class, and the same right of appeal to the Commission.

See also *R. S.* 11:25–1, 2, 3, providing for a summary hearing and review by the Commission, on notice, at the instance of a citizen who by verified petition alleges transgressions against such public servants, and a determination according

to the right, including the reinstatement of an officer or employee suspended or removed in violation of the law.

The Commission's rule No. 59, adopted under *R. S.* 11:1–7, authorizing rules and regulations "for carrying into effect the provisions" of the title, bars removal of such servants in the classified service "except for cause upon written charges and after an opportunity to be heard in his own defense," and provides that in taking the removal action the "dismissing authority shall give to such employee, on the forms prescribed, a written notice stating the fact of such removal, the causes for which the removal is made, the date upon which it is effective, and any other information which he considers as pertinent."

Thus it is that where, as here, the Civil Service Law is operative in a commission-governed municipality, the dismissed or disciplined civil servant having the two-fold statutory security against such adverse action save for just cause is afforded a hearing before the Civil Service Commission attended by all the safeguards of due process; and recourse to that agency for review and corrective action is the normal course, barring special circumstances calling for judicial intervention at the outset, usually grave doubt as to jurisdiction, or some equally compelling reason, *Ward v. Keenan,* 3 *N. J.* 298 (1949), followed by judicial review of the final action there taken by a proceeding in lieu of prerogative writ. See *De Stefano v. Civil Service Commission,* 130 *N. J. L.* 267 (*E. & A.* 1943).

The jurisdiction of the Civil Service Commission is not made to depend on a hearing in fact and in law conforming to the demands of due process by the local governmental director who ordered the dismissal – – – a seeming basic predicate of the judgment of the Appellate Division. A proceeding in lieu of *certiorari* is not sustainable in such circumstances as directed to an action utterly void.

The Civil Service Act provides for a *de novo* hearing before the Commission; and it cannot be that a like hearing, satisfying the essence of due process, was also in the legislative view as a condition prerequisite to the exercise of the

Commission's jurisdiction to hear and determine the issue on the merits. This would be contrary to the genius and spirit of these statutes, taken and compared together. There were charges of misconduct at the outset and, while there may have been need for particularization (plaintiff made demand upon the director for a bill of particulars), that circumstance was in no sense a jurisdictional lack rendering the proceeding itself null. The Commission on the *de novo* review has full power to direct such specification as may be consonant with essential fairness. Indeed, such is of the very nature of the statutory review thus given – – – a plenary hearing anew, whatever has gone before, to serve the interests of truth and justice, and thus a corrective process. See *Robertson v. Newcomb,* 27 *N. J. Super.* 314 (*App. Div.* 1953). The quality of the power is unmistakably revealed by the provision for a hearing by the Commission on the intervention of a citizen charging a violation of the statutory protection for civil servants within the class, even though the deposed or disciplined servant takes no such action himself. And the adverse local action in the first instance is ineffective until approved by the Commission. Only by the approval of the Commission does it have operative force. All this for the fulfillment of an overall statutory policy to advance not only individual right but the public interest as well.

It goes without saying that the Civil Service procedure prescribed by the Walsh Act, *R. S.* 40:72-7, has no application to commission-governed municipalities not under civil service nor to public servants not within the favored class.

 Here, it would seem that for some reason the dismissed servant is averse to a trial of the issue on the merits by the simple and expeditious mode of review before the Civil Service Commission. At the very outset, upon service of a notice of suspension for a period of a week on grounds specified, pending a public hearing on a day named, he instituted an action in the Law Division of the Superior Court for a review of the disciplinary action and was allowed an order to show cause why the proceeding should not be stayed with

a restraint against a hearing of the charges until the return day. The order to show cause was discharged. But the jurisdiction of the Superior Court was again invoked after the removal was ordered, notwithstanding plaintiff's timely appeal taken two days earlier to the Civil Service Commission under *R. S.* 11:22–38 and the Commission's rule No. 59.

The judgment of the Appellate Division is accordingly reversed *in toto;* and the cause is remanded for the prosecution of the plaintiff's pending appeal to the Civil Service Commission.

*For reversal*—Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For affirmance*—Chief Justice VANDERBILT—1.