THE TOWNSHIP COMMITTEE OF MOUNT OLIVE TOWN-
SHIP AND WILBUR S. HICKEY, CHAIRMAN OF THE
POLICE COMMITTEE, PLAINTIFFS-RESPONDENTS, v.
FRED VITAL, DEFENDANT-APPELLANT.

Morris County Court
Law Division

Decided February 19, 1951.

*Messrs. Scerbo, Porzio & Kennelly,* attorneys for defendant-appellant.

*Mr. Robert M. Davis,* attorney for plaintiffs-respondents.

BARRETT, J. C. C.  The chairman of the Police Committee of Mount Olive Township preferred charges against the defendant-appellant, who had been chief of police for some time, for violating rules and regulations of the local police department.  He was tried before the township committee and found guilty of violating a number of specifications set forth in the charges.

Defendant-appellant appealed to the County Court for a trial *de novo* under *R. S.* 40:47–10.  The Township of Mount Olive does not operate under the provisions of the Civil Service Act.

Plaintiffs-respondents claim that the County Court does not have jurisdiction to hear the appeal under *R. S.* 40:47–10 and contend that the case of *Winberry v. Salisbury,* 5 *N. J.* 240 (1950), is controlling and that under the decision in that case the rules of court supersede the statute in so far as they affect practice and procedure.  Plaintiffs-respondents argue that because prior to the adoption of the Constitution of 1947 the action of the township committee could have been contested by a writ *certiorari,* and since actions by prerogative writs have been superseded under *Rule* 3:81, this matter should have been taken to the Law Division of the Superior Court.

Plaintiffs-respondents concede that prior to the adoption of the Constitution of 1947 defendant-appellant might have proceeded either by *certiorari* or by appeal to the County Court under the statute referred to.

In the case of *Winberry v. Salisbury, supra,* a rule of court had been promulgated definitely changing the procedure set forth in the statute that was contested.  In the case under consideration there is no rule of court nullifying or changing the procedure under *R. S.* 40:47–10, unless it can be construed that *Rule* 3:81–2 does that.  In my opinion the statute re-

ferred to sets forth the practice and procedure to be followed in case of an appeal such as we are considering.

It is my opinion that *Rule* 3:81–2 refers only to proceedings in lieu of prerogative writs and does not affect other methods of procedure that were in effect at the time of the adoption of the rules.

*Rule* 3:81–2 must be considered in connection with *Rule* 3:81–1 which reads as follows:

"Prerogative writs are superseded and in lieu thereof review, hearing and relief may be had as of right in the Superior Court in the manner hereinafter provided by these rules."

A most important part of *Rule* 3:81 is section 14, which to my mind conclusively provides that all possible remedies in a County Court must be exhausted before a matter is taken to the Superior Court. *Rule* 3:81–14 reads:

"Except where it is manifest that the interests of justice require otherwise, proceedings under *Rule* 3:81 shall not be maintainable, so long as there is available judicial review to a county court or inferior tribunal or administrative review to an administrative agency or tribunal, which has not been exhausted."

I am very definitely of the opinion that the County Court has jurisdiction to entertain the appeal in this case as a trial *de novo* and the plaintiffs-respondents will be directed to send a copy of the record of conviction, including the rules and regulations violated, and the charge or charges upon which the defendant-appellant was tried, to the clerk of this court by March 5, 1951, and a determination may be entered accordingly.