44 N.J. Super. 209 (1957)
129 A.2d 906
CITY OF WILDWOOD, IN THE COUNTY OF CAPE MAY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT P. NEIMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1957.
Decided March 15, 1957.
*210 Before Judges GOLDMANN, FREUND and CONFORD.
*211 Mr. Frank E. Vittori argued the cause for appellant (Mr. George M. James, attorney; Mr. John Henry Reiners, Jr., of counsel).
Mr. Nathan C. Staller argued the cause for respondent.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant was dismissed from the Wildwood police force after a hearing on charges. He appealed to the Cape May County Court under N.J.S.A. 40:47-10. That court dismissed his appeal for want of jurisdiction, apparently on the ground urged by plaintiff municipality that defendant's right of review was solely to the Civil Service Commission.
Defendant was appointed a patrolman in the Wildwood Police Department in February 1950. On October 25, 1955 he was served with charges preferred against him by the chief of police, among them intoxication, indecent language, conduct unbecoming an officer and a gentleman, conduct subversive of good order and the discipline of the force, and violation of police regulations by engaging in another business, namely, professional wrestling. Accompanying the charges was a notice that a hearing would be held on November 14 following. Defendant did not testify at that hearing. On December 19 the director of public safety filed his determination finding defendant guilty and removing him from the police force. A copy was served on defendant the next day, and within ten days he filed his notice of appeal to the County Court under N.J.S.A. 40:47-10.
In the interim between the service of charges and defendant's dismissal, the voters of the City of Wildwood at the general election held November 8, 1955, adopted the provisions of the Civil Service Act, Revised Statutes, Title 11, Subtitle 3.
N.J.S.A. 40:47-10 provides in part:
"Any member of any police department * * * in any municipality in this State not operating under the provisions of subtitle three of Title 11 of the Revised Statutes who has been convicted *212 of any violation of any of the rules or regulations of such [department] by the official * * * empowered to try members of such police department * * * may obtain a review of such conviction by the County Court of the county in which such municipality is situated. * * *"
The County Court, like its predecessor, the Court of Common Pleas, sits as a special statutory tribunal when hearing appeals under N.J.S.A. 40:47-10, and not by reason of any constitutional or inherited common law jurisdiction. City of Plainfield v. McGrath, 117 N.J.L. 348, 350 (Sup. Ct. 1936); Borough of Jamesburg v. Hubbs, 6 N.J. 578, 582 (1951). In reviewing convictions for violation of the rules and regulations of a local police department, the courts have been careful to point out that the case comes before the County Court from a municipality which does not operate under the provisions of the Civil Service Act. Township Committee of Mt. Olive Township v. Vital, 11 N.J. Super. 608, 609 (Cty. Ct. 1951); Inhabitants of City of Plainfield v. O'Driscoll, 14 N.J. Misc. 343 (Com. Pl. 1936); Borough of Jamesburg v. Hubbs, above, 6 N.J., at page 580.
Defendant argues that inasmuch as the city had not yet adopted the Civil Service Act on the date of the offenses charged or as of the time when he was served with charges and notice of suspension and hearing, his action in appealing to the County Court instead of seeking his remedy under the Civil Service Act was entirely proper. He cites no authority for this position and none can be found in the statute.
Since N.J.S.A. 40:47-10 expressly excludes appeals where the municipality is operating under the provisions of Title 11, Subtitle 3 of the Revised Statutes (the Civil Service Act), the sole question is whether plaintiff municipality at the time of the conviction was operating under that act. There can be no question that it was  from and after November 8, 1955 when the electorate voted to adopt civil service for Wildwood. R.S. 11:19-2 states that the provisions of the Civil Service Act shall apply to any municipality which theretofore adopted the provisions of the act *213 or "which shall hereafter adopt the provisions of this subtitle, and any such * * * municipality * * * shall hereafter operate under the provisions of this title." Cf. McManus v. Caldwell, 129 N.J.L. 111 (Sup. Ct. 1942), affirmed 130 N.J.L. 175 (E. & A. 1943); Walker v. Board of Chosen Freeholders of Essex County, 82 N.J.L. 348 (Sup. Ct. 1912).
The language and intention of N.J.S.A. 40:47-10 are clear; the statute leaves a discharged patrolman in a municipality operating under civil service to the review provisions of the Civil Service Act. R.S. 11:25-1 (summary review by verified petition to the Civil Service Commission), N.J.S.A. 11:25-4 (summary review by proceedings in lieu of prerogative writ), and N.J.S.A. 11:22-38 and 39 (application to Civil Service Commission for investigation of charges on which the order of removal was based) give a discharged patrolman complete and plenary review of his dismissal. See also Sullivan v. Roe, 18 N.J. 156 (1955).
It is appropriate to note that defendant was not deprived of the protections afforded him by way of service of written charges, a reasonable time to make answer thereto and prepare his defense, and a full hearing, as required under N.J.S.A. 40:47-6, relating to municipal fire and police departments generally, or N.J.S.A. 11:22-38, the Civil Service Act. See N.J.S.A. 11:21-6 which provides that officers and employees of a municipality at the time of the adoption of the Civil Service Act, coming within the competitive or non-competitive class of the civil service, shall not be removed except in accordance with the provisions of the act; and see N.J.S.A. 11:21-5.1.
Defendant contends that an appeal to the County Court is not merely a procedural right, but a valuable substantive right as compared with review before the Civil Service Commission. He claims that under N.J.S.A. 11:22-38 he would be entitled merely to an investigation and hearing by an administrative agency on the charges on which his removal was based, whereas under N.J.S.A. 40:47-10 he *214 is entitled to a judicial review with its attendant safeguards  a comparison grounded in unspoken but nonetheless obvious assumptions whose validity is wide open to question. From this he goes on to argue that the latter statute should be liberally construed, for to compel him to proceed under the former "would be to give a retroactive application to this statute [N.J.S.A. 11:22-38] and deny him a forum of appeal he had been entitled to when suspended."
We do not accept the premises from which this argument proceeds. True, defendant held a public office, but nothing could be better established than that he did not thereby gain vested rights or indefeasible contractual obligations. There is no contractual relation between a municipality and its police officers, and no property right in a public office, Stuhr v. Curran, 44 N.J.L. 181, 188-189 (E. & A. 1882), favorably cited in the recent case of De Marco v. Board of Chosen Freeholders of Bergen County, 21 N.J. 136, 141 (1956); Isola v. Borough of Belmar, 34 N.J. Super. 544, 555 (App. Div. 1955); 42 Am. Jur., Public Officers, § 9, pp. 886-7 (1942).
Nor does defendant have a vested right in any particular method that might be afforded for a review of his dismissal. The present case clearly deals with remedy. The County Court appeal provision of N.J.S.A. 40:47-10 is procedural, and so are the provisions for review under the Civil Service Act, N.J.S.A. 11:22-38, 11:25-1 and 11:25-4. Our courts have consistently held that where a statute deals with procedure only, it applies to all actions and proceedings  those which have accrued or are pending, as well as those yet to be brought. State v. United States Steel Corp., 19 N.J. Super. 274, 297 (Ch. Div. 1952), affirmed 12 N.J. 38 (1953); Berkovitz v. Arbib & Houlberg, Inc., 230 N.Y. 261, 270, 130 N.E. 288, 290 (Ct. App. 1921), Cardozo, J.; 2 Sutherland, Statutory Construction (3d ed. 1943), § 2212, p. 136; 50 Am. Jur., Statutes, § 482, p. 505 (1944); and see Eureka Printing Co. v. Division of Employment Security, etc., 21 N.J. 383, 392 (1956). Defendant cites Pennsylvania Greyhound Lines, Inc. v. Rosenthal, *215 14 N.J. 372 (1954), a case involving vested property rights. In considering the application of the Joint Tortfeasors Contribution Law, L. 1952, c. 335 (N.J.S. 2A:53A-1 et seq.), it was there held that the statute was in essence a remedial measure, and "legislative acts affecting remedies or modes of procedure not in derogation of vested rights are not retrospective in the vicious sense," citing cases.
The Legislature could, therefore, constitutionally change the method of reviewing defendant's conviction on the charges and dismissal from office, from appeal to the County Court to review by the Civil Service Commission. The County Court had no jurisdiction to entertain the appeal, in view of the express provisions of N.J.S.A. 40:47-10, and its judgment of dismissal was proper.
Defendant had ten days from the date he was notified, to apply to the Civil Service Commission for a review of his dismissal. R.S. 11:15-4; N.J.S.A. 11:22-38 (time extended to 20 days by L. 1956, c. 131). The statutory time limit was held to be a jurisdictional requirement in Borough of Park Ridge v. Salimone, 36 N.J. Super. 485 (App. Div. 1955), affirmed 21 N.J. 28 (1956), a case where defendant, as here, mistakenly appealed (out of time) to the County Court under N.J.S.A. 40:47-10, and the borough's motion to dismiss the appeal for lack of jurisdiction was granted because it was operating under the Civil Service Act. The court held that the Civil Service Commission was without authority to pass on the propriety of defendant's dismissal when the appeal to it was taken after the running of the statutory period.
The time within which defendant could have acted, or the Civil Service Commission investigated and acted on its own motion (R.S. 11:21-7 and 8  within 45 days of defendant's removal) have both passed. Defendant's impasse is of his own making, and we can lend him no aid.
Affirmed.