HOWARD WALLACE, JR., PLAINTIFF, v. CITY OF BRIDGE-TON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 14, 1972.

*Mr. Michael Brooke Fisher* for plaintiff (*Messrs. Kleiner, Moore & Fisher,* attorneys).

*Mr. Allan H. Harbert* for defendant.

HORN, A. J. S. C. This matter is before me on motion of defendant City of Bridgeton to dismiss plaintiff's complaint in lieu of prerogative writs upon the ground that it does not state a claim against defendant upon which relief can be granted. *R.* 4:6–2(e). Parenthetically, it should be noted that another description of defendant's motion is that the Superior Court lacks jurisdiction over the subject matter of plaintiff's complaint. *R.* 4:6–2(a). Alternatively, the motion seeks summary judgment in favor of defendant city upon the ground there exists no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law. *R.* 4:46–2; *Judson v. Peoples Bank and Trust Co. of Westfield,* 17 *N. J.* 67 (1954).

The facts relevant to this present motion can be stated quite simply. Plaintiff, a sergeant in the Bridgeton Police Department, was served on August 16, 1972 with charges against him for neglect of duty in that he had failed to answer a call. Notice that a departmental hearing would be

conducted on September 16, 1972 was accompanied by the charges. The hearing, without stenographic record, was held on September 26, 1972, at which time the hearing examiner, Director of Police and Fire of the City of Bridgeton, sustained the charges and suspended plaintiff for five days.

The gravamen of plaintiff's complaint is that he was denied a fair and impartial hearing.

Plaintiff seeks either a trial *de novo* before the Superior Court, or a reversal of the departmental decision and a remand for a new hearing to be stenographically recorded.

Defendant's principal legal argument is that plaintiff is attempting to appeal a departmental hearing decision by way of a complaint in lieu of prerogative writs and that such procedure is prohibited under the laws of New Jersey. Specifically, defendant asserts that since the City of Bridgeton is a civil service municipality, any review of a departmental hearing would be pursuant to provisions under *Title* 11 and not pursuant to *N. J. S. A.* 40A:14–150 (*"Review of Disciplinary Convictions in Non-Civil Service Municipalities"*).

It further contends that since *N. J. S. A.* 11:2A–1 provides that

No employee of the State, or of any county, municipality or school district of the State shall be suspended, fined, or demoted more than 3 times in any 1 year, nor for more than 5 days at any 1 time, nor for a period of greater than 15 days in the aggregate in any 1 year or discharged without the same right of appeal to the [Civil Service] commission, * * *

the negative implication is presented that there exists no right of appeal where punishment is of a lesser degree than that specified in *N. J. S. A.* 11:2A–1.

Thus, the problem reduces itself to the jurisdictional question of whether the implication embodied in *N. J. S. A.* 11:2A–1 prohibits this court from reviewing the proceedings leading to plaintiff's suspension.

■ Actions in lieu of prerogative writs are established pursuant to the *New Jersey Constitution* (1947), Art. VI, § V, par. 4, and implemented by *R.* 4:69. *R.* 4:69–1 provides that relief formerly available by prerogative writs and not available under *R.* 2:2–3 is to be sought by way of complaint in the Superior Court, Law Division. *R.* 4:69–5 provides that, unless it is manifest that the interest of justice requires otherwise, prerogative writ actions shall not be maintainable as long as there exists a right of review before an administrative agency.

■ *N. J. S. A.* 11:2A–1 seemingly precludes any right of administrative review on the part of plaintiff and consequently the exhaustion requirement of *R.* 4:69–5 is met. *Ward v. Keenan,* 3 *N. J.* 298 (1949).

Chief Justice Vanderbilt, in *Ward v. Keenan, supra,* explored the purposes in synthesizing the prerogative writs into one action mandated by the Constitution, concluding that such actions are a valuable means of safeguarding individual rights against abuse of discretion upon the part of public officials and governmental bodies.

The same liberal construction is espoused in *In re Senior Appeals Examiners,* 60 *N. J.* 356 (1972), where it is stated that "in New Jersey judicial review of administrative agency determinations has the support of a special constitutional provision (art. VI, sec. 5, para. 4) which largely immunizes it from legislative curbs." (at p. 363)

Defendant city asserts that there exist good policy reasons for the enactment of certain "legislative curbs." For this proposition defendant adopts the statement in the two-page opinion of *Murley v. Raritan Tp.,* 117 *N. J. L.* 357 (Sup. Ct. 1936). There, suspensions of police officers were considered to be of such frequent occurrence and of such petty nature that they did not merit judicial review and a trial *de novo.*

However, *Murley* was discredited in *Board of Police Com'rs. of Leonia v. Olson,* 101 *N. J. Super.* 565 (App. Div. 1968). In this case a patrolman in a non-civil service

municipality was given a reprimand and a two-day suspension for using " 'unnecessary force in handling of a prisoner.' " Upon appeal pursuant to *N. J. S. A.* 40:47–10, now superseded by *N. J. S. A.* 40A:14–150, the County Court dismissed the appeal, holding that the right of review to the County Court existed only where removal was the penalty and not when it was suspension. The County Court placed major reliance upon *Murley, supra.* In overruling the County Court by finding jurisdiction, the Appellate Division said, concerning *Murley*:

> But *Murley* arose under a prior version of the act granting tenure to policemen. That version limited the right to review to cases in which the officer was "removed from office or employment." Whatever the merits of the policy considerations referred to in the quotation from *Murley*, and the County Court obviously deemed them persausive, decision as to the policy of tenure statutes is for the Legislature, not for the courts. *Cf. N. J. S. A.* 11:2A–1. [101 N. J. at 568]

In *West New York v. Bock,* 38 *N. J.* 500, 516 (1962), the present philosophy of tenure for civil service employees, permitting dismissal only upon express charges and full proof thereof, is described as being "totally at variance with the original concept."

Of course, if one restricts the holding of *Board of Police Com'rs. of Leonia. v. Olson, supra,* to the principle that review for suspensions only exists in non-civil service municipalities (*N. J. S. A.* 40A:14–150), whereas it fails to exist in civil service jurisdictions unless the severity requirements of *N. J. S. A.* 11:2A–1 are shown, such a distinction, argued for by defendant, raises the question of denial of equal protection. Does there exist a rational classification to permit the claimed distinction? Are municipal employees in civil service cities so fairly treated as to deny them in certain cases the right to review of administrative action in the civil service structure itself as well as in the courts?

■ Defendant claims support from *dictum* in *Wildwood v. Neiman,* 44 *N. J. Super.* 209 (App. Div. 1957). In that opinion it is true that Judge Goldmann wrote that *"N. J. S. A.* 40:47–10 expressly excludes appeals where the municipality is operating under the provisions of *Title* 11, *Subtitle* 3 of the *Revised Statutes* (the Civil Service Act), * * *."* (at p. 212). I construe this as meaning no appeal until the administrative remedies are exhausted.

Other courts have made certain that the case comes before the County Court from a city not operating under *Title* 11: *Mt. Olive Tp. Comm. v. Vital,* 11 *N. J. Super.* 608 (Cty. Ct. 1951); *Inhabitants of Plainfield v. O'Driscoll,* 14 *N. J. Misc.* 343 (Com. P. 1936), and *Jamesburg v. Hubbs,* 6 *N. J.* 578 (1951).

■ Upon reading *N. J. S. A.* 40:47–10 and its successor, *N. J. S. A.* 40A:14–150, it is evident that there exists no express exclusion of a civil service employee's resort to the courts, but only an implied one. This distinction became overshadowed by the facts in *Wildwood v. Neiman, supra,* in that the city patrolman was dismissed from his job. Instead of seeking complete and plenary review under the Civil Service Act, *e. g., N. J. S. A.* 11:25–1 (summary review by verified petition to the Civil Service Commission), *N. J. S. A.* 11:25–4 (summary review by proceedings in lieu of prerogative writs), and *N. J. S. A.* 11:22–38 and 39 (application to Civil Service Commission for investigation of charges on which the order of removal was based), the patrolman by-passed these full and complete review remedies available and sought review in the County Court under *N. J. S. A.* 40:47–10. In essence, the patrolman had failed to exhaust those administrative remedies fully available under the act.

On the other hand, plaintiff in the present case has no administrative remedies to exhaust. Without resort to the court he may not contest the validity of his suspension, albeit for only five days.

Such denial was held to be improper in a case very similar to the present proceeding. *Perrapato v. Rose,* 83 *N. J. Super.* 245 (App. Div. 1964). In that case, plaintiff chief of police was suspended for five days by the mayor on the ground that an employee of a public utility was working at the chief's house during regular hours. After submitting a letter to the mayor stating that he was unaware of the worker's presence, the chief was notified by the mayor that he was suspended. No formal charges were served on plaintiff and he was not afforded a hearing.

Plaintiff brought an action in lieu of prerogrative writs and the trial court granted his motion for summary judgment on the ground the suspension violated *N. J. S. A.* 40:47–6 (now 40A:14–147, and the statute under which plaintiff Wallace is now seeking relief). Basically the statute provides the procedural mechanism for the hearing of charges. As an aside, it is interesting to note that the third paragraph of *N. J. S. A.* 40:47–6, expressing the intent of the statute as being to give each person against whom charges are preferred a fair trial, was deleted in the adoption of *N. J. S. A.* 40A:14–147.

Defendant in *Perrapato, supra,* asserted that *N. J. S. A.* 40:47–6 was inapplicable because the town had adopted the Civil Service Act and the mayor had based his decision upon Civil Service Rule 58, implemented by *N. J. S. A.* 11:2A–1, the rule allegedly prohibiting review under certain situations.

Thus, the issue in *Perrapato* was framed:

The primary question before us, then, is whether *N. J. S. A.* 11:2A–1, which by negative implication denies a civil service employee the right to secure review before the Civil Service Commission of the brief suspensions mentioned in the statute, precludes such an employee who is a member of the police department in a municipality which has adopted the Civil Service Act from seeking judicial relief from a suspension which allegedly violates *N. J. S. A.* 40:47–6. We hold it does not. [83 *N. J. Super.* at 248–249]

Reasoning that the adoption of the Civil Service Act did not completely supersede the second act (*N. J. S. A.* 40:47–6), the court held the two must be read *in pari materia.* Construing *N. J. S. A.* 11:2A–1 narrowly, the court held it did not purport to deprive the employee of judicial relief, but at most a right of review before the Civil Service Commission.

And, further the court stated:

> \* \* \* We cannot impute to the Legislature an intent to deprive policemen of the right to seek judicial relief from suspensions which allegedly violate *N. J. S. A.* 40:47–6, merely because *N. J. S. A.* 11:2A–1 purports, and then only by implication, to deny civil service employees (including police officers) *review by the Civil Service Commission* where the suspension is of the limited character specified. [*Ibid.* at 249]

A distinction between *Perrapato, supra,* and the present case is the fact that in the latter plaintiff Wallace received a hearing on the merits, whereas in the former no notice or opportunity to be heard was afforded. However, plaintiff Wallace is still alleging that he was denied a fair and impartial hearing within the meaning of *N. J. S. A.* 40A:14–147. In some cases it may be a very small step from no hearing at all to one that is unfair and partial. Who will decide?

*Akridge v. Barres,* 118 *N. J. Super.* 557 (Ch. Div. 1972), also supports plaintiff's position. There, plaintiff was permitted to seek injunctive relief in the Chancery Division, although the court said the complaint could have been brought in the Law Division as a proceeding in lieu of prerogative writs. Factually, *Akridge* involved a patrolman contesting the imposition of a five-day fine for failure to abide by a special order of the Chief of Police of Newark (Civil Service Act applying) pertaining to the regulation of beards and hairstyles. The court rejected defendant's argument that plaintiff had failed to exhaust his administrative remedies, on the ground that plaintiff was precluded from seeking administrative relief by reason of *N. J. S. A.* 11:2A–1.

Although defendant avers that a holding contrary to its views will swamp the courts with similar actions, and in any event the penalty imposed is minor, I must disagree. I believe that up to 15 days a year suspension cannot be considered as negligible, especially when it undoubtedly will also affect promotions and other benefits. We may not weigh injustice against the work load with which the courts must contend. The scales of justice are unsuitable for such balancing.

Accordingly, defendant's motion is denied.