185 N.J. Super. 197 (1982)
447 A.2d 1352
JEFFREY ROMANOWSKI, PLAINTIFF,
v.
TOWNSHIP OF BRICK, DEFENDANT. ROBERT FORRESTER, PLAINTIFF,
v.
TOWNSHIP OF BRICK, DEFENDANT.
Superior Court of New Jersey, Law Division Ocean County.
Decided February 8, 1982.
*199 Raymond P. Shebell for plaintiff Jeffrey Romanowski (Shebell & Schibell, attorneys).
Kenneth L. Pentony for plaintiff Robert Forrester (Novins, Farley, Grossman & York, attorneys).
Joseph L. Foster for defendant (Russo, Courtney & Foster, attorneys).
HAVEY, J.S.C.
These consolidated actions in lieu of prerogative writs raise the question of whether this court has subject matter jurisdiction to review a five- and a three-day suspension of plaintiff police officers who are employed by a municipality which is subject to N.J.S.A. 11:1-1, the Civil Service Act. If the court has such power, should the review be on the record made below at the administrative hearing, or are plaintiffs entitled to a de novo hearing in this court?
On February 25, 1980 plaintiff Jeffrey Romanowski, a patrolman employed by the Brick Township Police Department, was dispatched with another officer to transport a prisoner, Craig Gant, from the Ocean County Jail to the Brick Township Municipal Court. The officers received an envelope from the jail which allegedly contained the prisoner's belongings consisting of $56.23 *200 in cash. After the court hearing the prisoner was transported to police headquarters to await being sent to Marlboro State Hospital for evaluation. Plaintiff Romanowski left police headquarters and returned to his patrol car to resume patrol duty and found the prisoner's envelope in the patrol car. Plaintiff Romanowski maintains that he returned to headquarters with the envelope and gave it to plaintiff Robert Forrester, a lieutenant, who was the desk officer on duty that afternoon. Plaintiff Forrester maintains that departmental forms filled out on that day reveal that the prisoner and his property were maintained in the usual course until the end of his shift, after which the custody and control of the prisoner and his belongings were assigned to the desk officer who assumed duty for the night shift.
About 15 days later the prisoner, through his family, complained that the money was missing. After an investigation, complaints were filed by the investigating officer against plaintiffs for neglect of duty, incompetence and inefficiency in that they failed to maintain proper control and custody of the $56.23. A hearing was held before a municipal hearing officer on May 19, 1981 and on June 3, 1981, at which time plaintiffs were present with counsel, witnesses were sworn and called and a record made. Findings were made against the plaintiffs, resulting in the imposition of the three-day suspension against plaintiff Romanowski and the five-day suspension against plaintiff Forrester. The suspensions have not been enforced pending disposition of these actions.
Plaintiffs instituted separate actions in lieu of prerogative writs seeking a trial de novo as to the charges against them, together with counsel fees. Defendant moves pursuant to R. 4:6-2(a) for dismissal, arguing that the court has no subject matter jurisdiction over these matters. It argues that the statutory right to review an administrative determination suspending policemen is limited to procedures found in two separate *201 statutes. The first is N.J.S.A. 11:2A-1, which reads as follows:
Appeal in case of suspension, fine or demotion
No employee of any ... municipality ... shall be suspended, fined, or demoted more than 3 times in any 1 year, nor for more than 5 days at any 1 time, nor for a period of greater than 15 days in the aggregate in any 1 year or discharged without the same right of appeal to the commission ... as in the case of removal as provided in sections 11:15-2 to 11:15-6 of the Revised Statutes. [Emphasis supplied]
The second is N.J.S.A. 40A:14-150 which reads as follows:
Any member or officer of a police department or force in a municipality wherein Title 11 (Civil Service) of the Revised Statutes is not in operation, who has been tried and convicted upon any charge or charges, may obtain a review thereof by the Superior Court. .. . The court shall hear the cause de novo on the record below and may either affirm, reverse or modify such conviction.
Either party may supplement the record with additional testimony subject to the rules of evidence.[1]
Defendant Township of Brick is a municipality subject to the Civil Service Act. Thus it is argued by defendant that no right to review by the Superior Court is available since the language of N.J.S.A. 40A:14-150 clearly limits review to non-Civil Service municipalities. Defendant further argues that since the suspensions are for five days or less, plaintiffs have no right to appeal to the Civil Service Commission. N.J.S.A. 11:2A-1. Accordingly, since neither statute applies, defendant argues that plaintiffs have no remedy and this court, without statutory authority, has no power to grant them the relief sought.
Defendant finds support for its position in Wildwood v. Neiman, 44 N.J. Super. 209 (App.Div. 1957). In noting that there was no right to appeal to the County Court under N.J.S.A. 40:47-10 (now superseded by N.J.S.A. 40A:14-150) where the municipality is a Civil Service municipality, the court stated:
The County Court, like its predecessor, the Court of Common Pleas, sits as a special statutory tribunal when hearing appeals under N.J.S.A. 40:47-10, and not by reason of any constitutional or inherited common law jurisdiction. [at 212]
*202 In Wallace v. Bridgeton, 121 N.J. Super. 559 (Law Div. 1972), the court held under facts similar to the present case that the language of N.J.S.A. 40A:14-150 was not an expressed exclusion of a Civil Service employee's resort to the courts but only an implied one, and distinguished Wildwood v. Neiman, supra, by noting that the Appellate Division in Wildwood presumably meant that no appeal to the County Court is available until the administrative remedies are exhausted. Wallace v. Bridgeton, supra at 565. Implicit in the court's holding in Wallace v. Bridgeton, is that N.J.S.A. 40A:14-150 does give a suspended Civil Service policeman, with a suspension of less than five days, the right to appeal to the County Court.
Plaintiffs cite Perrapato v. Rose, 83 N.J. Super. 245 (App.Div. 1964), as well as Wallace v. Bridgeton, to support their position that a review de novo is available. But in Perrapato the court's holding was limited to the application of N.J.S.A. 40:47-6 (the predecessor of N.J.S.A. 40A:14-147), which sets forth the right to written notice of charges and a good cause hearing by a municipal hearing examiner. That paragraph of the statute applies to all permanent members of a police department, in contrast to N.J.S.A. 40:47-10 (now N.J.S.A. 40A:14-150), which provides for a right to appeal only in non-Civil Service municipalities.
The court cannot find authority under N.J.S.A. 40A:14-150 to grant plaintiffs a right to appeal. Not only is the statute clear as to the class to which appellate review is afforded, it also clearly sets forth the procedure to be followed for review, including a written notice of appeal to be served within ten days from conviction below. Concededly that procedure was not followed by plaintiffs, since both chose to file directly these actions in lieu of prerogative writs without complying with the statute. No statutory right to review, therefore, is available to plaintiffs either under N.J.S.A. 11:2A-1 or N.J.S.A. 40A:14-150.
*203 In finding that no statutory appellate review is available, the court does not hold that plaintiffs are without remedy. To so hold would allow adverse findings regarding a police officer's competence and even integrity without independent review of those findings. A suspension, albeit a brief one, may jeopardize a policeman's future employment opportunities and result in unwarranted stigma.
The power of this court to review the findings below is in the common law writ of certiorari, which is available to persons whose rights are invaded by acts of persons clothed with authority to act but who exercise such authority illegally. Kohler v. Barnes, 123 N.J. Super. 69, 85 (Law Div. 1973), citing McKenna v. N.J. Highway Auth., 19 N.J. 270, 275 (1955). The power includes the appellate review of improper acts by municipal officers and boards. P. & J. Auto Body v. Miller, 72 N.J. Super. 207, 212 (App.Div. 1962). The action in lieu of prerogative writs (certiorari) was established pursuant to N.J.Const. (1947), Art. VI, § V, par. 4, and implemented by R. 4:69 which frames the inherent power to the Superior Court, Law Division, to provide "review, hearing and relief." The writ of certiorari is predominately a mode of review of errors of law which are apparent on the face of the record or proceeding made by a quasi-judicial tribunal. Baldwin Constr. Co. v. Essex Cty. Bd. of Tax., 16 N.J. 329, 345 (1954). As such it is predominately an appellate form of relief. Specht v. Central Passenger Ry., 76 N.J.L. 631 (1909). The trial court's function is usually to review the record made below without supplemental testimony, Caldwell v. Lambrou, 161 N.J. Super. 284, 287 (Law Div. 1978), and if the record is inadequate, to remand for the purpose of establishing a proper record. But our courts have not hesitated to expand the use of the common law writ, which was one of limited utility, "serving merely to bring up a record of an inferior court or of certain of its officers...." Ward v. Keenan, 3 N.J. 298, 306 (1949). Modern decisions paved the way "for enlarging the scope of certiorari far beyond the mere review of the judicial action of *204 inferior courts so as to reach official misconduct in many fields." At 306. In Ward, Chief Justice Vanderbilt reviewed the variety of uses to which certiorari was applied in civil actions in common law and noted the developed practice of enlarging the record by extrinsic evidence when necessary, "to do justice between the private citizen and a public official." At 307.
The facts presented here are distinguishable from the traditional review of findings by a quasi-judicial body such as the zoning board of adjustment where the court's function is to review the record and reverse only if the board's actions were arbitrary, capricious or unreasonable. Brandon v. Montclair, 124 N.J.L. 135 (Sup.Ct. 1940), aff'd 125 N.J.L. 367 (E & A 1940). Demarest v. Hillsdale, 158 N.J. Super. 507 (App.Div. 1978). If plaintiffs were employed in a non-Civil Service municipality, they would be afforded a de novo hearing, N.J.S.A. 40A:14-150, with the right to supplement the record. If their suspensions had been six days or more instead of three and five days, their right to review would have been de novo before the Civil Service Commission, N.J.S.A. 11:2A-1; N.J.S.A. 11:15-6. West New York v. Bock, 38 N.J. 500 (1962); Henry v. Rahway State Prison, 81 N.J. 571 (1980). De novo means to consider anew, afresh for a second time. Houman v. Pompton Lakes, 155 N.J. Super. 129 (Law Div. 1977). A review de novo affords the appellate tribunal the right to make its own findings without being restricted by the "abuse of discretion" test. Henry v. Rahway State Prison, supra. It would be inequitable to impose the burden upon these plaintiffs to prove that the hearing examiner acted arbitrary and capriciously merely because of the fortuitous circumstances of their sentences, when other police officers regulated by the above-cited statutes have the benefit of a de novo proceeding. I find, therefore, that the inherent power of a review by this court permits the granting of a hearing de novo under the special facts of this case. Defendant's motion for dismissal is denied. A hearing de novo is granted.
NOTES
[1] N.J.S.A. 40A:14-150 was amended effective March 25, 1981 to permit the supplementing of the record below with additional testimony.