**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5752-14T2

FREDDIE MITCHELL,

    Plaintiff-Appellant,

v.

BOROUGH OF ROSELAND,

    Defendant-Respondent.

_____

Argued May 2, 2017 — Decided August 8, 2017

Before Judges Koblitz, Rothstadt and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Docket No. L-4726-13.

Alfred V. Gellene argued the cause for
appellant.

R. Scott Fahrney argued the cause for
respondent (Kaufman, Semeraro & Liebman, LLP,
attorneys; Mr. Fahrney and Mark J. Semeraro,
on the brief).

Robert J. Merryman argued the cause for
respondent on counterclaim (Law Offices of
Apruzzese, McDermott, Mastro, & Murphy,
attorneys; Mr. Merryman, on the brief).

PER CURIAM

Plaintiff Freddie Mitchell, a former officer with defendant Borough of Roseland's police department, filed a "complaint in lieu of prerogative writ[s], pursuant to Rule 4:69-1," challenging his termination from the department for cause, as recommended by a hearing officer, on the basis that it was "illegal, capricious and unreasonable, as well as unsupported by all of the evidence adduced during the administrative hearing." He appeals from the Law Division's July 8, 2015 final order dismissing his complaint and entering judgment in favor of defendant for salary paid while plaintiff was suspended. On appeal, plaintiff argues the trial court applied the wrong standard of review and incorrectly assessed certain evidence of plaintiff's alleged misconduct that led to his termination.

Defendant concedes that the court misstated the applicable standard of review, but it argues that the court's application of the correct standard may be inferred from the court's overall assessment of the evidence contained in the record of plaintiff's disciplinary hearing. Defendant also refutes plaintiff's additional arguments, contending that the court correctly determined plaintiff's termination was warranted.

The salient facts are not in dispute and are summarized as follows. Defendant's police department issued charges of misconduct against plaintiff arising from his involvement in a

marital dispute, and relating to his failure to obey the department's order to submit weekly reports and other measures to remediate plaintiff's alleged issues. A hearing was held before a hearing officer — a retired Superior Court judge — who ultimately issued an opinion recommending that defendant discharge plaintiff. Defendant's municipal council adopted the recommendation and plaintiff filed his complaint with the Law Division. Defendant filed an answer and counterclaim in which it sought recovery of amounts paid to plaintiff while he was suspended.

On June 26, 2015, the trial court considered the record of the proceedings before the hearing officer and the arguments of counsel before issuing an oral decision affirming defendant's termination of plaintiff and awarding defendant the sums it paid to plaintiff while he was suspended. In its decision, the court first recited the history of the charges made against plaintiff and his disciplinary hearing, before stating what it believed was the applicable standard for the court's review. According to the court, its review was limited to determining whether defendant's actions and the hearing officer's determination were "arbitrary, capricious or unreasonable." The court addressed plaintiff's legal arguments and rejected each of them before it affirmed the hearing officer's determination and defendant's decision to terminate plaintiff.

On July 8, 2015, the court entered its final judgment. This appeal followed.

We conclude from our review that the trial court, confronted with an action in lieu of prerogative writs, incorrectly applied the "arbitrary, capricious or unreasonable" standard typically applicable to challenged government actions, instead of the de novo review standard applicable to claims of wrongful termination by "municipal employees, not protected by Civil Service." In re Disciplinary Procedures of Phillips, 117 N.J. 567, 578 (1990). See also N.J.S.A. 40A:14-150. We disagree with defendant's contention that the trial court's application of the correct standard can be gleaned from its findings. Even though plaintiff filed an action that was technically inappropriate to his claim, he was still entitled to the court reviewing his matter "anew, afresh [and] for a second time," as contemplated by the applicable standard, without any consideration as to whether his claim was previously appropriately decided. In re Disciplinary Procedures of Phillips, supra, 117 N.J. at 578 (alteration in original) (quoting Romanowski v. Brick Twp., 185 N.J. Super. 197, 204 (Law Div. 1982), aff'd o.b., 192 N.J. Super. 79 (App. Div. 1983)). See also Ruroede v. Borough of Hasbrouck Heights, 214 N.J. 338, 356-57 (2013).

A-5752-14T2

The judgement is vacated, and the matter is remanded for further proceeding consistent with our opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION