**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0127-16T3

ROBIN POLINSKI,

    Plaintiff-Appellant,

v.

BURLINGTON COUNTY
PROSECUTOR'S OFFICE OF
THE STATE OF NEW JERSEY,
and PROSECUTOR ROBERT
D. BERNARDI,

    Defendants-Respondents.

_____

Argued May 21, 2018 — Decided August 27, 2018

Before Judges Messano, Accurso and O'Connor.

On appeal from Superior Court of New Jersey,
Law Division, Burlington County, Docket No.
L-1695-15.

Colin G. Bell argued the cause for appellant
(Hankin Sandman Palladino & Weintrob, PC,
attorneys; Colin G. Bell, on the briefs).

Laurel B. Peltzman argued the cause for
respondents (Capehart & Scatchard, PA,
attorneys; Laurel B. Peltzman and Evan
Crook, of counsel and on the brief).

PER CURIAM

Plaintiff Robin Polinski appeals from an August 19, 2016 Law Division order affirming the decision of defendant Robert D. Bernardi, a former Burlington County prosecutor, to terminate her from her position as a county investigator of the Burlington County Prosecutor's office, and dismissing her complaint in lieu of prerogative writs. We affirm.

In 2014, plaintiff was served with a preliminary notice of disciplinary action, which set forth seven charges alleging she had engaged in acts of misconduct and violated certain provisions of defendant Burlington County Prosecutor's Office's standard operating procedures (SOPs). The charges arose out of plaintiff's alleged failure to perform certain tasks on twelve cases as a trial team investigator, and for her lack of candor when confronted about her actions by her supervisors and the internal affairs investigator. The specific charges included not only that plaintiff had engaged in acts of misconduct and violated certain SOPs, but also had engaged in conduct unbecoming a law enforcement officer and insubordination.

After a six day hearing, Bernardi, who served as the hearing officer, issued a lengthy written decision sustaining all of the charges. After an additional hearing on the penalty to impose, Bernardi determined plaintiff's termination was in order. Plaintiff did not testify at either hearing.

2

Plaintiff filed a complaint in lieu of prerogative writs against defendants in the Law Division, alleging she was wrongfully terminated in violation of various provisions of the County Detectives and County Investigators Act (Act), N.J.S.A. 2A:157-1 to -23, and New Jersey's Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. The court subsequently granted defendants' motion to sever the LAD claim from all others in the complaint.

Following trial in this matter, which comprised of lengthy oral arguments from counsel addressing the evidence adduced during the disciplinary hearing, the court conducted a de novo review of the evidence and issued a comprehensive, forty-page written opinion. The court found defendants proved by a preponderance of the evidence that plaintiff had committed almost all of the acts alleged in the charges, including misconduct. The court further found termination was the appropriate penalty.

On appeal, plaintiff contends the trial court erred because it: (1) precluded her from supplementing the record during the de novo trial; (2) failed to make credibility findings; (3) found certain charges to have been timely filed when they were not filed within forty-five days of receiving sufficient information to form a basis for such charges; (4) determined

3

there was sufficient evidence to sustain the charges against her; and (5) found termination was the appropriate penalty. We reject these arguments as unsupported and affirm.

Under the Act, the county prosecutor has the power to appoint county investigators, N.J.S.A. 2A:157-10, as well as to remove them. N.J.S.A. 2A:157-10.1. N.J.S.A. 2A:157-10.1 provides, in part:

> Except as otherwise provided by law, a county investigator employed by the county prosecutor shall not be removed from office, employment or position for political reasons or for any cause other than incapacity, misconduct, or disobedience of rules and regulations established by the prosecutor, nor shall such investigator be suspended, removed, fined or reduced in rank from or in office, employment, or position therein, except for just cause as hereinbefore provided . . . .

N.J.S.A. 2A:157-10.7 provides county investigators with the right of de novo review in the Superior Court for disciplinary convictions and penalties. A de novo hearing provides a reviewing court with the opportunity to consider the matter "anew, afresh [and] for a second time." Romanowski v. Brick Township, 185 N.J. Super. 197, 204 (Law Div. 1982), aff'd o.b., 192 N.J. Super. 79 (App. Div. 1983). On de novo review, the trial court must make its own findings of fact. In re Phillips, 117 N.J. 567, 578 (1990). After hearing a cause de novo, the

4

court may either affirm, reverse or modify the hearing officer's decision. N.J.S.A. 2A:157-10.7.

When evaluating credibility during a de novo review of a record, the fact the court does not have the benefit of live testimony does not alter the aforementioned standard of review. Ruroede v. Borough of Hasbrouck Heights, 214 N.J. 338, 357 (2013). "Although a court conducting a de novo review must give due deference to the conclusions drawn by the original tribunal regarding credibility, those initial findings are not controlling." Ibid. (citing In re Disciplinary Procedures of Phillips, 117 N.J. 567, 579 (1990)). "Rather, the court reviewing the matter de novo is called on to 'make reasonable conclusions based on a thorough review of the record.'" Ibid. (citing Phillips, 117 N.J. at 579).

On appeal from the trial court, this court plays "a limited role in reviewing the de novo proceeding." Phillips, 117 N.J. at 579. We decide only whether the trial court's decision was "supported by substantial credible evidence in the record as a whole" and was not "arbitrary, capricious or unreasonable." Ibid. Thus, unless the appellate tribunal finds the trial court's decision "arbitrary, capricious or unreasonable" or "[un]supported by substantial credible evidence in the record as a whole," the de novo findings should not be disturbed. Henry

5

v. Rahway State Prison, 81 N.J. 571, 580 (1980) (citing Campbell v. Department of Civil Serv., 39 N.J. 556, 562 (1963)).

We first address plaintiff's claim the trial court precluded her from supplementing the record on de novo review. A week before trial, the court heard extensive oral argument on defendants' motion to bar plaintiff from introducing additional evidence at trial. During colloquy, the court noted that the record can be supplemented with additional evidence in the kind of matter under review. Although the court did not specifically cite N.J.S.A. 2A:157-10.7, this statute provides, among other things, that when the Superior Court is conducting a trial de novo on an appeal of a county investigator who has been tried and convicted of any charges, "[e]ither party may supplement the record with additional testimony subject to the rules of evidence."

However, when the court asked plaintiff what evidence she wanted to add to the record, she replied she wished to include evidence pertaining to the LAD claim; specifically, evidence her male counterparts in the workplace were not disciplined as severely as she was for comparable conduct. The court found because the issue of disparate treatment was relevant to the severed LAD matter but not the disciplinary one, it would not permit plaintiff to supplement the record with the proffered

6

evidence, to which plaintiff responded, "And that makes sense, that makes absolute sense to me . . . ."

The court and counsel then turned to other issues but, later in the proceeding, plaintiff's counsel mentioned that, in other cases she had handled of a similar nature, parties had supplemented the record by submitting certifications to the trial court before it engaged in its de novo review. She then stated, "Certification of in this case, the plaintiff but the appellant because she did not testify below, certification as to any evidence she has not related to the LAD matter. I understand Your Honor's precursive ruling on that."

Although unclear, read indulgently, we interpret plaintiff's comment to mean she wanted to submit a certification on issues pertaining to the disciplinary matter, but believed the court had barred her from doing so. In fact, the court had not done so and the court, seemingly puzzled because plaintiff's previous proffer of evidence was limited to the LAD claim, stated,

> Well, the evidence — [plaintiff is] allowed
> to supplement . . . and it's like, okay,
> well, what do you got? So that's why I'm
> talking to you and if you don't — since
> you're not going to do the LAD stuff, I
> didn't think there was any real thing for me
> to look at. . . .

7

Plaintiff's counsel responded that, although plaintiff had given statements to her supervisors and the internal affairs investigator about her conduct during the pre-hearing investigation, she did not testify at the disciplinary hearing and thus did not have an opportunity to "explain herself." She argued she wanted to give the trial court the benefit of her position through submitting a certification.

The court did not make any ruling, and instead probed counsel about a party's right to supplement the record if he or she declined to testify at a disciplinary hearing. Instead of providing argument on the point the court raised, plaintiff responded, "That's fine. We can, we can just move to oral argument [1] on the, you know, violations and the penalty. She'll have her chance at the LAD trial to testify to her heart's content."

After turning to other matters, the court summarized all of its rulings during the argument and, on the issue of supplementation, noted there was not going to be any because there had not been a proffer to supplement the record with evidence pertaining to the disciplinary matter. Plaintiff

---

[1]  Plaintiff was referring to the fact the de novo trial on the disciplinary action was going to consist of oral arguments from counsel.

8

neither commented nor objected to the court's summary and characterization of its rulings.

Nine days later, the trial commenced and, over the course of two days, counsel provided oral argument on the evidence adduced during the disciplinary hearing. Toward the end of the proceedings on the second day, plaintiff stated she wanted to testify about such evidence. The court pointed out plaintiff had not previously requested she supplement the record with evidence pertaining to the disciplinary charges. However, and over defendants' objection, the court suggested plaintiff provide a certification setting forth what she wanted the court to know about the evidence pertaining to the disciplinary charges.

The court asked plaintiff if she could provide such certification the following day, and she advised she could meet that deadline. Then, realizing it was a Friday, the court gave plaintiff until the following Monday to submit her certification. The court also requested a brief on whether plaintiff had the right to supplement the record with testimony under the circumstances. Plaintiff did not voice any objection to the time allotted to complete such tasks.

The following Monday, plaintiff's counsel faxed a letter to the trial court advising that

9

> After consultation with our client, she is
> satisfied that she responded to the
> questions she was asked by the county at her
> two [internal affairs] interviews. . . .  As
> a result, we will not be submitting a brief
> on the issue of supplementing the record
> with additional testimony. . . .  We will be
> submitting final closing arguments and
> proposed findings by noon tomorrow as
> originally contemplated by the court's
> order.

The next day, the court faxed a letter to plaintiff's counsel stating,

> Pursuant to your letter dated August 15,
> 2016, it is my understanding that you are
> withdrawing your request to supplement the
> record in connection with the [disciplinary
> hearing] . . ., either through live
> testimony, a certification in lieu of live
> testimony, or deposition transcript.

Plaintiff did not object or respond to the court's letter.

On appeal, plaintiff argues reversal is warranted because the trial court precluded her from testifying, in violation of N.J.S.A. 2A:157-10.7.  The argument is wholly unsupported by the record.  While the court determined plaintiff could not introduce evidence on the LAD claim — a ruling with which plaintiff agreed — the court never barred her from introducing evidence on the disciplinary matter.

When the trial had almost concluded and plaintiff sought to introduce evidence on the disciplinary action, the court did request she provide a brief on her right to supplement the

10

record.  Regardless of the ultimate merits of plaintiff's right to supplement the record, the court's request that plaintiff brief the issue was legitimate and clearly done in an effort to make the correct decision.  Plaintiff did not object to supplying a brief (in addition to a certification), but later determined she did not need to and withdrew her request to supplement the record.

Plaintiff also complains the court did not give her sufficient time to provide the subject brief and certification. However, she never advised the court the time permitted to submit these pleadings was unworkable, not to mention her letter to the court informing she was withdrawing her request to supplement the record indicated she was doing so because, for substantive reasons, there was no need for supplementation. In sum, under the circumstances, there is no basis for her contention a reversal is warranted on the ground the court wrongfully precluded her from supplementing the record with additional evidence.

Plaintiff next argues the court "refused" to make credibility determinations, warranting reversal.  We disagree. During oral argument on defendants' motion to bar plaintiff from supplementing the record, the court did state that it would not make any credibility determinations.  However, it is plain from

11

its written decision, which is replete with references to its assessment of credibility, that the court in fact made such determinations. It is apparent the court reviewed the applicable law before making its findings of fact and conclusions of law and realized it had to evaluate credibility.

We reject the assertion there was insufficient evidence to support plaintiff's termination. To the extent this argument challenges the sufficiency of the evidence supporting the trial court's findings and conclusions, we again note our role on appeal is limited. We review whether the decision was based on substantial, credible evidence, considering the record as a whole. Phillips, 117 N.J. at 579 (citing Henry, 81 N.J. at 580, Campbell, 39 N.J. at 562). Our review of the record and the findings and conclusions expressed by the trial court in its comprehensive decision compels us to conclude there is no ground on which to interfere with its finding plaintiff had engaged in conduct warranting her termination.

Plaintiff's remaining contentions are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0127-16T3