669 A.2d 864

DAVID MARR, PLAINTIFF, v. ABM CARPET SERVICE, INC., DEFENDANT.

Superior Court of New Jersey
Law Division Camden County

Decided June 29, 1995.

502

*David Marr* appearing *pro se.*

*Gilbert Brooks,* for defendant ABM Carpet Service, Inc. (*Kozlov, Seaton, Romanini & Brooks,* P.C., attorneys).

DROZDOWSKI, J.S.C.

### Facts and Procedural History

On September 29, 1994, the Wage Collection Section of the New Jersey Department of Labor awarded David Marr a default judgment for the full jurisdictional amount of $10,000 against his former employer, ABM Carpet Service, Inc., for failing to pay him a prevailing wage pursuant to *N.J.S.A.* 34:11–56.40 and 34:11–58. The Prevailing Wage Act requires employers to pay their workers union wages when performing construction-type work for public bodies. The Department based its award on an "Audit Summary" prepared by the agency showing that David Marr was entitled to $14,737.25 for wage deficiencies from January 3, 1991, to October 15, 1992. At the agency hearing, David Marr testified that he was employed by ABM Carpet Service, Inc. from September 1988 through October 1992, and worked as a non-union carpet installer on various public works for the State of New Jersey. The agency, in setting his prevailing wage rate, classified David as a journeyman carpenter. *See N.J.A.C.* 12:60–3.2(a)(6) (listing "carpenter" as a craft or trade). The agency does not recognize a distinct classification for carpet installers. On December 5, 1994, the employer filed an appeal. The appeal was tried June 8, 1995, with this court reserving decision.

### Decision

ABM Carpet Service, Inc. appeals pursuant to the Wage Collection Statute, which states that "[f]rom any judgment which may be obtained in the wage collection division ... either party may ... appeal to the Superior Court." *N.J.S.A.* 34:11–63. An initial question is the scope of judicial review. Ordinarily, the reviewing court must decide whether the agency abused its discretion. "Though sometimes phrased in terms of a search for 'arbitrary, capricious or unreasonable' action ... the judicial role is restricted to three inquiries: (1) whether the agency's action

violated the enabling act's express or implied legislative policies, (2) whether there was insubstantial evidence in the record to support the findings on which the agency based its actions, and (3) whether in applying the legislative policies to the facts, the agency clearly erred by reaching a conclusion that could not reasonably have been made after weighing the relative factors." *Williams v. Department of Human Services*, 116 *N.J.* 102, 108, 561 *A.*2d 244 (1989) (*Williams I* ) (citation omitted). The "abuse of discretion" test originates in the New Jersey Constitution, which requires courts to offer citizens relief from agency action inconsistent with the agency's legislative mandate. *Id.* See *N.J. Const.* art. VI, § 5, ¶ 4 (providing that "[p]rerogative writs are superseded and, in lieu thereof, review, hearing and relief shall be afforded in the Superior Court. . . ."). Defendant seeks *de novo* review, however.

"A *de novo* hearing provides a reviewing court with the opportunity to consider the matter 'anew, afresh [and] for a second time,' " permitting the court to make "its own findings of fact." *In re Phillips*, 117 *N.J.* 567, 578, 569 *A.*2d 807 (1990) (citing *Romanowski v. Brick Tp.*, 185 *N.J.Super.* 197, 204, 447 *A.*2d 1352 (Law Div.1982), *aff'd o.b.*, 192 *N.J.Super.* 79, 469 *A.*2d 85 (App.Div. 1983)). "Although a court conducting a *de novo* review must give due deference to the conclusions drawn by the original tribunal regarding credibility, those initial findings are not controlling." *Id.* at 579, 569 *A.*2d 807. Two aspects of the Wage Collection Statute convince this court that the scope of judicial review over agency factfinding is *de novo.* First, the statute anticipates a broad scope of review by allowing the parties to introduce new evidence on appeal. *See N.J.S.A.* 34:11–65 (stating that "[u]pon the trial of any appeal either party may produce any witness not produced or sworn in the court below, or any documentary evidence not offered or admitted in the court below, if otherwise legal and competent, without notice to the opposite party"). Second, the statutory design focuses primarily on expediting the resolution of wage collection disputes, as opposed to engineering due deference for factfinding by an expert administrative body. *See Green-*

*wood v. State Police Training Ctr.,* 127 *N.J.* 500, 513, 606 *A.*2d 336 (1992) (stating that "[a]ppellate courts must defer to an agency's expertise and superior knowledge of a particular field"). The statute expedites dispute resolution by limiting the agency to cases under $10,000, and by subjecting the parties to summary review. *See N.J.S.A.* 34:11–58 (establishing $10,000 limit); *N.J.S.A.* 34:11–59 (stating that "the [c]ommissioner [of Labor] shall inquire in a summary way into the merits of the employee's claim and defenses of the defendant, if any"). But, the statute casts a weak snare for accumulated expertise by stretching the jurisdictional net over any claims for wages or benefits due an employee. *N.J.S.A.* 34:11–57 to –58.

On reviewing the record *de novo* in light of the new evidence admitted by both parties at trial, this court finds that defendant ABM Carpet Service, Inc. failed to pay plaintiff, David Marr, the prevailing wage of a journeyman carpenter for carpet installation performed on public works between January 3, 1991, and October 15, 1992.

The court rejects defendant's contention that the agency erred in classifying a carpet installer as a carpenter. The Prevailing Wage Act authorizes the agency to promulgate regulations delineating crafts and trades subject to the Act. *See N.J.S.A.* 34:11–56.43 (stating that "[t]he commissioner is hereby authorized and empowered to prescribe, adopt, promulgate, rescind and enforce rules and regulations as may be required for the administration and enforcement of the provisions of this act"). "Generally, [the courts] give substantial deference to the interpretation an agency gives to a statute that the agency is charged with enforcing." *Smith v. Director, Div. of Taxation,* 108 *N.J.* 19, 25, 527 *A.*2d 843 (1987). The Department of Labor's decision to classify carpet installers as carpenters for purposes of assigning a prevailing wage rate is presumed reasonable, and such adjudicatory rulemaking is not subject to *de novo* review. *See N.J.S.A.* 34:11–56.30 (stating that "[t]he commissioner shall determine the prevailing wage rate and forthwith shall establish the prevailing wage in

the locality in which the public work is to be performed for each craft or trade or classification of all workmen needed to perform public work contracts"); *In re Amendment of N.J.A.C. 8:31B–3.31,* 119 *N.J.* 531, 544, 575 *A.*2d 481 (1990) (stating that "agency regulations are accorded a presumption of reasonableness...."); *American Trial Lawyers Ass'n v. New Jersey Supreme Court,* 126 *N.J.Super.* 577, 591, 316 *A.*2d 19 (App.Div.1974) (requiring proof of arbitrary and unreasonable action to rebut the presumption of reasonableness), *aff'd,* 66 *N.J.* 258, 330 *A.*2d 350 (1974). *See also Crema v. New Jersey Dep't of Envtl. Protection,* 94 *N.J.* 286, 299, 463 *A.*2d 910 (1983) (stating that "an agency may make law through either its adjudicatory or rulemaking power"). Though defendant has shown that the federal Department of Labor separates carpet installers from carpenters, the reasonableness of the state agency's decision not to make the distinction under other criteria used to establish a craft·or trade remains unchallenged. *See N.J.A.C.* 12:60–4.2 (listing as criteria used to establish a craft or trade: (1) work history and industry practice, (2) training and skills, (3) nature of the specific work in issue, (4) craft union collective bargaining agreements and craft recognition and (5) governmental regulation and recognition).

The court also rejects as a defense the state's failure to notify AMB Carpet Service, Inc. of the prevailing wage rate for carpet installers. *See N.J.S.A.* 34:11–56.28 (requiring the public body to specify in the contract the prevailing wage rate for all workers needed to perform the public work). The Chancery Division in *Male v. Pompton Lakes Borough Mun. Utilities Auth.,* 105 *N.J.Super.* 348, 360, 252 *A.*2d 224 (Ch.Div.1969), *rev'd on other grounds,* 122 *N.J.Super.* 526, 301 *A.*2d 153 (App.Div.1973), addressed this question by holding a contractor liable to employees for wage deficiencies "despite the fact that the prevailing wage rate was not specified in the contract."

The court is concerned, however, with the accuracy of the agency-prepared summary of wage deficiencies. An employee is only entitled to the prevailing wage "in the locality in which the

public work is done". *N.J.S.A.* 34:11–56.26. The record indicates that the agency applied the prevailing wage rate for Camden County to public works performed by plaintiff outside the county. The court remands that matter, so that the agency may modify its previous judgment to correct the error. *See Matter of Issuance of a Permit By Dep't of Envtl. Protection to Ciba–Geigy Corp.*, 120 *N.J.* 164, 173, 576 *A.2d* 784 (1990) (stating that "[w]hen an agency's decision is not accompanied by the necessary findings of fact, the usual remedy is to remand the matter to the agency to correct the deficiency"). The court enters partial judgment of $4,179.27, plus costs and a 10% administrative fee of $417.93, in affirmance of the agency judgment for work plaintiff performed in Camden County at the Delaware River Port Authority, Camden City Hall, Camden Hall of Justice, and Collingswood Middle School. On remand, the Department of Labor shall address the $5,820.73 residual and any additional administrative fee. This court does not retain jurisdiction.