**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3065-17T2

DENTAL CARE OF
STRATFORD,

    Plaintiff-Respondent,[1]

v.

SANDRA HARMON, DMD,

    Defendant-Appellant.

_____

Submitted December 6, 2018 – Decided January 7, 2019

Before Judges Simonelli and O'Connor.

On appeal from Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0640-17.

Sandra Harmon, DMD, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

---

[1] The caption on the order subject to this appeal incorrectly listed the defendant as the plaintiff.

Defendant Sandra Harmon, DMD, appeals from a January 31, 2018 Law Division order directing plaintiff Dental Care of Stratford to pay her $3,622.50. We remand for further proceedings.

We glean the following from the record. Harmon, a dentist, provided dental services to plaintiff's patients from October 2013 to August 2016. Pursuant to a compensation contract the parties entered, plaintiff agreed to pay Harmon thirty-five percent of the income defendant received from the patients Harmon treated, minus certain costs and expenses.[2] Harmon claims she was not fully compensated for two pay periods, specifically, July 16, 2016 to July 31, 2016 and August 1, 2016 to August 15, 2016. As a result, Harmon terminated her position with plaintiff.

Harmon filed a wage and hour complaint[3] with the Department of Labor and Workforce Development, alleging plaintiff wrongly failed to compensate her a total of $15,431.20. On August 16, 2017, a wage collection referee found Harmon was entitled to and awarded her $10,350. Plaintiff appealed the referee's award to the Law Division, arguing Harmon was entitled to only thirty-five percent of $10,350, or $3,622.50.

---

[2] A copy of the contract was not included in the record.

[3] A copy of the complaint was not included in the record.

A trial court reviews wage collection referee decisions de novo. See Marr v. ABM Carpet Serv., Inc., 286 N.J. Super. 500, 504 (Law Div. 1995); see also N.J.S.A. 34:11-65 (providing that "[u]pon the trial of any appeal either party may produce any witness not produced or sworn in the court below, or any documentary evidence not offered or admitted in the court below"). Here, consistent with this standard of review, the trial court admitted evidence from both parties.

During the trial, Harmon contended she did not receive any pay for the two subject pay periods and, contrary to what she asserted before the wage collection referee, contended she was entitled to a total of $7,793.92 in compensation. Plaintiff again asserted it owed Harmon only thirty-five percent of $10,350, or $3,622.50. When the court asked plaintiff's representative at the hearing whether plaintiff gave Harmon any compensation for the disputed pay periods, plaintiff's representative testified he needed to check defendant's records.

The court ordered plaintiff to file and serve a copy of the records showing what plaintiff paid to Harmon for these two pay periods. Defendant was ordered to file and to serve such documentation within seven days, and Harmon was permitted five days to respond to plaintiff's documentation.

Nine days after the hearing, the court issued an order directing plaintiff to pay Harmon $3,622.50. In its written decision, court stated:

> I have reviewed the documentation provided by both parties, and though it is impossible for me to make a factual determination whether the credits and/or debits are accurate, at least the calculations make sense and are consistent with the arguments advanced by the employer. The arguments advanced by Ms. Harmon is [sic] not supported by anything she has supplied.

Thereafter, Harmon sent an email to the court stating she did not receive any documentation from plaintiff. Plaintiff did not contest this assertion. This appeal ensued.

On appeal, Harmon essentially contends the trial court's order directing plaintiff to pay her only $3,622.50 is not supported by the evidence. She also states she did not receive documentation from plaintiff showing she received compensation during the subject pay periods. Plaintiff did not file a brief.

As an appellate court, our task is confined to determining whether there is sufficient credible evidence in the record to support the Law Division's decision. State v. Johnson, 42 N.J. 146, 162 (1964). We will not disturb the court's findings in a non-jury trial "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman v. Clifton

4

Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (alteration in original) (quoting In re Tr. Created By Agreement Dated December 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)). Moreover, under the "two-court rule" applicable to review of municipal appeals, the trial court's de novo findings of fact in a wage collection matter are entitled to greater deference when they coincide with those of the original agency fact-finder. See State v. Locurto, 157 N.J. 463, 474 (1999) (stating "two-court rule" related to municipal appeals). However, to enable us to exercise our review, the trial court in a non-jury civil action must set forth its findings of fact and conclusions of law. Curtis v. Finneran, 83 N.J. 563, 569-70 (1980); R. 1:7-4(a).

Here, first, it appears plaintiff did not forward, as ordered, to either the court or to Harmon documentary proof of what it paid Harmon for the subject pay periods. The court does not comment upon the fact plaintiff failed to provide any proof to refute Harmon's claim she did not receive any compensation for these pay periods. Second, the court's decision does not make clear what Harmon earned, what deductions were permitted to be taken from her earnings, and what she was entitled to receive as a result of the work she performed. The court also did not identify the arguments Harmon advanced for which the court claims there was no support.

5

Because the court omits findings of fact and conclusions of law to support the conclusions it reached, its decision falls short of the requirements of Rule 1:7-4(a) and impedes appellate review. Accordingly, we remand this matter to the trial court for forty-five days to afford it an opportunity to make the findings of fact and conclusions of law required by the Rule. Harmon shall have ten days from the date she receives the court's decision to file a brief, which shall not exceed five pages in length. If it chooses to respond, plaintiff shall have ten days from the date it receives Harmon's brief to file its brief, which also shall not exceed five pages.

Remanded for further proceedings consistent with this opinion. We retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3065-17T2