

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2003

# Persico v. Jersey City

Precedential or Non-Precedential: Non-Precedential

Docket 02-3061

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Persico v. Jersey City" (2003). *2003 Decisions.* Paper 606.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/606

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3061
_____

DENNIS PERSICO,

Appellant

v.

CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT,
WILLIAM THYNE, CHIEF, MICHAEL MORIARTY, POLICE DIRECTOR,
EDGAR MARTINEZ, SERGEANT, KENNETH FRENCH, CAPTAIN,
THOMAS KANE, DEPUTY CHIEF, MICHAEL WHALEN, LIEUTENANT,
PETER NALBACH, CAPTAIN, PAUL WOLLEON, CAPTAIN, EDWIN REIMON,
JAMES LAUBER, CHERYL ALLEN-MUNLEY, individually and in their official
capacities, CONCRETE CONCEPTS, INC., JOHN DOES 1-5

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court Judge: The Honorable Dennis M. Cavanaugh
(D.C. Civil No. 98-cv-05229)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 7, 2003

Before: ALITO, FUENTES, Circuit Judges, and GREENBERG, Senior Circuit Judge.

(Opinion Filed: April 29, 2003)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

This case involves an appeal by Dennis Persico, a retired Jersey City, New Jersey Police Sergeant, who claims that the defendants violated his First Amendment and Due Process rights, and that he was constructively discharged as a result of retaliatory conduct. The District Court granted judgment to the defendants on each of Persico's claims. On appeal, Persico argues that the District Court misapplied the Pickering balancing test to his First Amendment claim; erroneously dismissed his Due Process claim; erroneously found that the individual defendants were shielded by qualified immunity; and failed to submit the claims of constructive discharge and the claims against the municipality of Jersey City to the jury. Persico's arguments are not persuasive. Because we agree with the District Court's decision, we will affirm.

## I. Factual Background[1]

Persico served as a police officer with the Jersey City Police Department from 1968 until he retired in 1999. In 1997, he was assigned as a sergeant to the South District. Persico's immediate supervisor was Lieutenant Michael Whalen, who in turn was supervised by Captain Kenneth French. The Chief of Police at that time was William Thynne.

This lawsuit arose from incidents which occurred between May and November of

---

[1]Because we are reviewing a grant of summary judgment, we review the facts in the light most favorable to the nonmoving party. See Baldassare v. New Jersey, 250 F.3d 188, 191 n. 1, 3 (3d Cir. 2001). For this reason, our factual summary presents Persico's version of the events at issue.

1997. Jersey City had hired Concrete Concepts to pave Ocean Avenue, which ran through the South District. Beginning in May, Persico investigated the Ocean Avenue paving project. He found that the project contractor often created dangerous conditions, and suspected that it was involved in illegal activities, violations of a contract, misuse of public funds, malfeasance, and other wrongdoing. Specifically, Persico learned that the contract between Jersey City and Concrete Concepts required the contractor to hire uniformed police officers to control traffic at a rate of $33.50 per hour, but that the contractor was only paying the off-duty officers $25.00 per hour. Persico found that the contractor often created dangerous conditions by hiring an insufficient number of off-duty officers to control traffic when streets were closed and using overweight trucks to deliver asphalt.

Persico took several actions with respect to the Ocean Avenue paving project. On a few occasions, he stopped work due to unsafe conditions. He arrested one of the contractors on October 21, 1997. And on numerous occasions, Persico reported his findings and suspicions to his superiors. As a result, rumors circulated in the Police Department that Persico was interfering with the Ocean Avenue paving project in an effort to "shake down" or extort money from the contractor. In response to that allegation, the Internal Affairs Unit launched an investigation into Persico's actions. The allegation was also referred to the Hudson County prosecutor's office. No disciplinary or criminal charges were ever asserted as a result of this allegation. But, upon Chief Thynne's instruction, Lieutenant Whalen ordered Persico to take no further action with respect to the Ocean Avenue paving project,

but to document his allegations and send them through the chain of command.

On November 21, 1997, however, Persico was summoned to Ocean Avenue by Police Officer Jensen, who reported dangerously overweight asphalt delivery trucks at the site. Persico then called another unit to the site to investigate the delivery trucks. Lieutenant Whalen ordered Persico to report back to the South District. When Persico arrived, Lieutenant Whalen informed him that Sergeant Martinez had called from Chief Thynne's office to report that complaints had been received about Persico's actions that day. Persico called Sergeant Martinez to get more information about the source and nature of the complaints. Sergeant Martinez was out of the office when Persico called. Several hours later, Sergeant Martinez returned Persico's call and answered his questions about the complaints. Persico complained to Sergeant Martinez that the contractor was being permitted to act with impunity and seemed to have a "direct line to the chief's office." This conversation occurred on a recorded line.

Persico maintains that after talking to Sergeant Martinez, he asked Lieutenant Whalen if he could call Chief Thynne directly, his request was denied, and he never called the Chief. The defendants contend, however, that Persico called the Chief's office after receiving an order from Lieutenant Whalen not to make such a call. Under the chain of command rules, Persico was required to get permission from a superior officer in order to call the Chief's office.

Following Persico's call to the Chief's office, a disciplinary charge was brought

against him. The charge was violating a direct order not to call the chief of police and breaking the chain of command. Persico requested a formal hearing on this charge, and his request was granted. The hearing was later converted into an informal hearing. Captain French was the hearing officer. Captain French found Persico guilty and imposed a punishment of the loss of two days compensation time, which amounted to $650.04. This finding was affirmed by Director Moriarity. Persico did not file any appeals, but chose instead to file this federal civil rights action.

## II. Procedural Background

Persico filed the Complaint in this case on November 18, 1998, and then an Amended Complaint on June 22, 1999. He brought the action pursuant to 42 U.S.C. § 1983, alleging First Amendment and procedural Due Process violations, and pursuant to state law, alleging constructive discharge. On June 27, 2002, the District Court heard oral arguments on the parties' cross motions for summary judgment and the defendants' motion to dismiss. At the conclusion of oral argument, the District Court denied Persico's motion for partial summary judgment, granted the motion by the individual police defendants and defendant Moriarty to dismiss, and granted the motion by defendant Munley and Jersey City for summary judgment. On June 28, 2002, the District Court entered a judgment closing the case.

## III. Jurisdiction and Standard of Review

The District Court had jurisdiction over the federal claims under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and supplemental jurisdiction over the state law claims under 28 U.S.C.

§ 1367. We have jurisdiction under 28 U.S.C. § 1291 because the District Court's final order disposed of all of Persico's claims.

We exercise plenary review over the District Court's grant of summary judgment.[2] Latessa v. N.J. Racing Comm'n, 113 F.3d 1313, 1317 (3d Cir. 1997). "In conducting our review, we view the record in the light more favorable to the party opposing the motion and draw all reasonable inferences in his favor." Baldassare v. New Jersey, 250 F.3d 188, 191 n. 1 (3d Cir. 2001) (citing Fogarty v. Boles, 121 F.3d 886, 887 (3d Cir. 1997); Azzaro v. County of Allegheny, 110 F.3d 968, 970 (3d Cir. 1997) (en banc)). In addition, we must make an "'independent constitutional judgment on the facts of the case'" as to whether the speech involved is constitutionally protected. Connick v. Myers, 461 U.S. 138, 150 n. 10 (1983) (quoting Jacobellis v. Ohio, 378 U.S. 184, 190 (1964)); see also Watters v. City of Philadelphia, 55 F.3d 886, 891 (3d Cir. 1995).

## IV.  Analysis

Persico alleges that he was subjected to discipline in retaliation for his efforts to report what he believed to be illegal activity with respect to the Ocean Avenue paving project. He

---

[2]In its June 28, 2002 order, the District Court granted Jersey City's motion for summary judgment and the individual police officers' motion to dismiss. Because the District Court addressed these motions simultaneously and clearly considered evidence outside the pleadings, we will assume that it treated both as motions for summary judgment. See Federal Rule of Civil Procedure 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . .").

claims that the discipline chilled the exercise of his First Amendment rights and penalized him for having exercised those rights. He claims that he was denied due process of the law during the disciplinary proceedings because the authorities denied his discovery requests and prejudged his case. Persico asserts that as a result of the false rumors that harmed his reputation and working environment, he was forced into retirement. He maintains that the actions taken against him were undertaken by the named defendant city employees as part of a plan to retaliate against him for speaking out, to discourage him from further exercise of his free speech rights, and to deprive him of his job without due process of law.

The District Court granted judgment to the defendants on each of Persico's claims. The District Court found no Due Process violation because Persico "was afforded [an explanation of the charges and the evidence against him] and did have an opportunity to respond as well as proper procedures for appellate review thereafter." (A9, lines 12-17) Moreover, the District Court found that Persico's allegation of bias on the part of the decision-maker did not give rise to a due process cause of action because "he had ample opportunity after the adverse evaluation to remedy the situation, but chose not to . . ." (A10, lines 6-7) The District Court found Persico's First Amendment claim to be somewhat unclear, but nonetheless ruled that there were no facts to support Persico's First Amendment claim. (A11, lines 6-8) Similarly, the District Court found no evidentiary support for Persico's constructive discharge and municipality liability claims. (A11, lines 15-24; A12,

lines 8-14)[3] Persico takes issue with the District Court's conclusions with respect to each of his claims, and we will address each in turn.

## A. First Amendment Claim

"A public employee has a constitutional right to speak on matters of public concern without fear of retaliation." Baldassare, 250 F.3d at 194; see also Rankin v. McPherson, 483 U.S. 378, 383-84 (1987). The Supreme Court established a framework for addressing such cases in Pickering v. Board of Education, 391 U.S. 563, 568 (1968), instructing courts to strike a balance between the interests of the public employee, as a citizen, in commenting upon matters of public concern, and the interest of the state, as an employer, in promoting the efficiency of the public services it performs through its employees. See also Mt. Healthy Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Baldassare, 250 F.3d at 194-95.

The District Court noted in its oral ruling that Persico had not clearly articulated his First Amendment claim. On appeal, Persico asserts that the District Court erred "by narrowly construing the . . . claim to the request to call the chief to see who was complaining about Persico and by concluding that the substance of the call was not relevant." (Opening Brief, p. 28) Persico asserts that his claim is that his efforts to speak out about illegal activity with the Ocean Avenue paving project were thwarted in violation of the First Amendment.

---

[3]The District Court also stated that although he did not have to reach the individual defendants' claims of qualified immunity, he would have granted judgment to the defendants on that basis if he had not already decided to grant judgment on other grounds. Because we affirm the District Court's decision on those other grounds, we will not discuss the issue of qualified immunity.

Assuming that Persico's claim, broadly construed, involves speech about a matter of public concern, the fact remains that the Police Department's substantial interest in maintaining its rules and regulations outweighs Persico's interest in the speech. The Police Department actions classified by Persico as "retaliatory" include the Internal Affairs Unit investigations, the referral of this matter to the prosecutor's office, the order to stop investigating, and the disciplinary hearing. These are all actions aimed at maintaining order and discipline within the Police Department. See Kelley v. Johnson, 425 U.S. 238, 246 (1976) (recognizing the need to accord police departments wide latitude in decisions that impact "discipline, esprit de corps, and uniformity"); Oladeinde v. City of Birmingham, 230 F.3d 1275, 1293 (11th Cir. 2000) (citing the "heightened need for order, loyalty, morale, and harmony, which affords a police department more latitude in responding to the speech of its officers than other government employers"); Moore v. Wynnewood, 57 F.3d 924, 934 (10th Cir. 1995) (finding "heightened interest" in maintaining discipline and harmony in context of law enforcement).

The actions taken by the Police Department were aimed only at controlling Persico's activities within the Police Department. This factor, too, weighs in favor of the Police Department's interest. See O'Donnell v. Barry, 148 F.3d 1126, 1135 (D.C. Cir. 1998) ("[B]ecause of the special degree of trust and discipline required in a police force there may be a stronger governmental interest in regulating the speech of police officers than in regulating the speech of other governmental employees."); Campbell v. Towse, 99 F.3d 820,

829-30 (7th Cir. 1996) ("It surely cannot be doubted that individuals who work in the highest echelons of the command of a police department must be assured of the loyalty of their immediate subordinates, as these subordinates are entrusted with carrying out their orders . . ."), cert. denied, 520 U.S. 1120 (1997).

In any event, we fail to understand how Persico's speech was curtailed as a result of any action taken by the Police Department. Persico began reporting his suspicions about illegality in the Ocean Avenue paving project in May of 1997. Even after being ordered to stop investigating this matter, Persico filed numerous reports and discussed the matter with several superior officers. Even after Persico became aware of the Internal Affairs and criminal investigations into his actions with respect to the paving project, he continued to investigate and report on this matter. The record reveals that up until the date of the disciplinary hearing, Persico was continuing to investigate and report his suspicions up the chain of command. The record is silent as to whether his efforts continued during the period of time after the disciplinary hearing and before the filing of this lawsuit. Therefore, it cannot be said that the Police Department's actions in any way curtailed Persico's speech.

Because the Police Department's interest in restraining Persico's investigation outweighed Persico's interest in speaking out about his suspicions, and because Persico's speech does not appear to have been much limited, we agree with the District Court's conclusion that there is no merit to Persico's First Amendment claim.

**B.  Procedural Due Process Claim**

"In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." Alvin v. Suzuki, 227 F.3d 107, 117 (3d Cir. 2000). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." Id.; see also McDaniels v. Flick, 59 F.3d 446, 460 (3d Cir. 1995), cert. denied, 516 U.S. 1146 (1996). This is true even when the plaintiff contends that one part of the process afforded him was biased, so long as there were avenues of review available to him. See Alvin, 227 F.3d at 119 ("[A]n allegation that initial stages of a process had been biased does not mean that the later processes will be biased as well."); McDaniels, 59 F.3d at 460 ("Thus, a discharged employee cannot claim in federal court that he has been denied due process because his pretermination hearing was held by a biased individual where he has not taken advantage of his right to a post-deprivation hearing before an impartial tribunal that can rectify any possible wrong committed by the initial decisionmaker.")

Persico was brought up on minor disciplinary charges. Pursuant to New Jersey's civil service code, minor discipline subjects a public employee to a punishment of five-days suspension or less and can be resolved by an informal hearing before the employee's direct supervisor. Persico was given notice of and an opportunity to be heard at an informal hearing before Captain French. Following the hearing, Persico was found guilty of having violated a direct order and breaking the chain of command and was punished by the loss of two days

-11-

compensation time.

Persico alleges in this lawsuit that his discovery requests were denied prior to the hearing and that Captain French prejudged his case due to a personal bias. Persico had at least five possible avenues of appeal from Captain French's decision in which he could have raised these same arguments. He could have appealed through the union to the union leadership, to the division commander, to the Police Director, or to a Public Employee Relations Commission arbitrator. See N.J.S.A. § 11A:2-16; A540 (Collective Bargaining Agreement). All else failing, or if he believed those appellate procedures to have been biased, he could have taken an appeal to the New Jersey Superior Court, where he would have been afforded a de novo trial. See Romanowski v. Brick Tp., 185 N.J. Super. 197, 204, 447 A.2d 1352, 1356 (Law Div. 1982), aff'd, 192 N.J. Super. 79, 469 A.2d 85 (App. Div. 1983). The District Court correctly found that Persico "had a right to a post-deprivation hearing and he chose not to avail himself of it."[4] (A10, lines16-17) Persico cannot claim a Due Process violation in federal court when he did not use all the processes afforded him by the State.

### C. Constructive Discharge Claim

---

[4]The District Court noted that the defendants had argued that Persico was not entitled to due process with regard to minor discipline. The District Court assumed without deciding that Persico was entitled to due process, but found that Persico had not availed himself of the processes available. We, too, will assume without deciding that the Due Process Clause applied to this minor disciplinary proceeding for the purpose of reviewing the District Court decision.

In order to state a claim a wrongful termination claim based on constructive discharge under New Jersey law, a plaintiff must show that the discriminatory conduct complained of would have the foreseeable result that working conditions would be so unpleasant or difficult that a reasonable person in the employee's shoes would resign. Goss v. Exxon Office Systems, 747 F.2d 885, 887-88 (3d Cir. 1984). Here, Persico argues that he was constructively discharged in retaliation for speaking out about the alleged illegality with the Ocean Avenue paving project. Specifically, he argues that the working conditions he was forced to endure leading up to and following the disciplinary hearing were so intolerable that a reasonable person in his shoes would have resigned.

The District Court determined, however, that Persico had voluntarily resigned from the Jersey City Police Department after thirty years of service. The District Court found that there was no evidence tending to show that Persico's retirement was anything but voluntary. The District Court also determined that the disciplinary hearing was aimed at punishing Persico's conduct, rather than restraining his freedom of speech or making working conditions intolerable for him. We agree that Persico did not present sufficient evidence to rebut the presumption that his resignation with full benefits after thirty year of service was voluntary.

**D. Municipal Liability Claim**

A municipality cannot be held liable under a theory of respondeat superior under 42 U.S.C. § 1983 unless the constitutional injuries alleged were caused by a municipal policy

or custom.  See Monell v. Dep't of Soc. Serv. of New York, 436 U.S. 659, 694 (1978).  Persico claims on appeal that his constitutional injuries were caused by the highest ranking and policy making officials in the Police Department.  Because we affirm the District Court's grant of judgment to the defendants with respect to Persico's First Amendment and Due Process claims, Persico has not successfully alleged a constitutional injury.  Proof of a constitutional injury is a threshold requirement for a Monell claim.  Persico's Monell claim has no merit for the additional reason that he submitted no evidence other than his own assertions of a municipal policy or custom to discriminate or intimidate him into retirement.  The plaintiff's assertions alone are insufficient evidence to withstand a motion for summary judgment.

## V.  Conclusion

The District Court properly granted judgment to the defendants on each of Persico's claims.  We will, therefore, affirm.

TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge