John P. KEIM and Robert J. Hennigan

v.

COUNTY OF BUCKS, Howard Gubernick, Bucks County Department of Corrections, Willis E. Morton, Lillian Budd and Joseph Schuck

No. Civ.A. 03–2043.

United States District Court, E.D. Pennsylvania.

June 9, 2004.

David P. Bateman, Bateman & Smith, P.C., Philadelphia, PA, for Plaintiff.

Frank A. Chernak, David E. Brier, Christin E. Connolly, Ballard Spahr, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil rights matter has been brought before the Court for disposition of the motion of Defendants, Bucks County, Howard Gubernick, Willis Morton, Lillian Budd and the Bucks County Department of Corrections for summary judgment.[1] For the reasons which follow, the motion shall be granted.

### Statement of Facts

This case has its origins in an altercation which took place on August 6, 2002 at the Bucks County Correctional Facility ("BCCF") between Plaintiff Hennigan and John Keim, who are corrections officers, and an inmate, Shaun Brennan. On that date, Officer Keim had been assigned to handle the transfer of Inmate Brennan from "F" pod to a cell in "D" pod. In accord with the procedures of BCCF, Officer Keim was inspecting Mr. Brennan's belongings which the inmate had placed into a trash bag for the move, when Brennan became upset and irate at the manner in which Officer Keim was handling his possessions. In addition to verbally assaulting Officer Keim, Inmate Brennan pushed him with sufficient force that he landed on his back. At that point, Inmate Brennan and Officer Keim began to struggle with one another and Plaintiff Officer Hennigan, who was in the control area, "pulled his pin" to call in a Code 99 for help. Officer Hennigan then went to Officer Keim's aid and the two officers attempted to physically obtain control over Mr. Brennan. It was several minutes before other corrections officers appeared on the scene and eventually helped to subdue Mr. Brennan and walk him off the pod. As a result of this altercation, Inmate Brennan suffered injuries in the form of

---

1. The parties have stipulated to the dismissal of the claim of Plaintiff John Keim and, as this Court dismissed all of the plaintiffs' claims save for that alleging procedural due process in our Memorandum and Order dated July 29, 2003, the instant motion for summary judgment concerns only the remaining claim of Plaintiff Robert Hennigan that his rights to procedural due process were violated.

**589**

black and blue bruises to both eyes, facial and lip lacerations and bruises and swelling to various areas of his forehead, head and wrist.

An internal investigation conducted by the Bucks County Department of Corrections Investigations Unit and its investigator, Defendant Joseph Schuck, resulted in Officers Hennigan and Keim receiving five-day suspensions from Deputy Warden Clifton Mitchell for improperly using excessive force against an inmate. The officers appealed and a hearing was held some ten days later on November 25, 2002 before Hearing Officer and Deputy Warden Lillian Budd, which resulted in the suspensions being upheld. On December 5, 2002, however, Warden Willis E. Morton, after reviewing the decision of the hearing officer and the evidence presented at the hearing, determined that the fact that Inmate Brennan continued to resist the officers' attempts to control him was a mitigating circumstance to their use of excessive force and thus reduced the five day suspensions to official written reprimands. On December 26, 2002, Officers Keim and Hennigan, in accordance with their union's Collective Bargaining Agreement, filed a grievance requesting a third level disciplinary hearing before the Bucks County Commissioners. That hearing was held on May 15, 2003 but neither Officer testified, ostensibly because it was not yet clear whether or not they were subject to criminal prosecution by the Bucks County District Attorney's office for the incident. Consequently, the grievance was held in abeyance until the officers could relate their sides of the story. Apparently because the officers never returned to testify, the grievance was never decided. Instead, Officers Keim and Hennigan instituted this lawsuit.

### Summary Judgment Standards

Summary judgment is appropriate where, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Michaels v. New Jersey*, 222 F.3d 118, 121 (3d Cir.2000); *Jones v. School District of Philadelphia*, 198 F.3d 403, 409 (3d Cir.1999). Indeed, the standards to be applied by district courts in ruling on motions for summary judgment are clearly set forth in Fed.R.Civ.P. 56(c), which states, in pertinent part:

".... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Under this rule, a court is compelled to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287 (D.C.Cir. 1988), *cert. denied*, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988); *Aries Realty, Inc. v. AGS Columbia Associates*, 751 F.Supp. 444 (S.D.N.Y.1990). In considering a summary judgment motion, the court must view the facts in the light most favorable to the non-moving party and all reasonable inferences from the facts must be drawn in favor of that party as well. *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 126 (3rd Cir.1994); *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3rd Cir.1989); *U.S. v. Kensington Hospital*, 760 F.Supp. 1120 (E.D.Pa.1991).

"Material" facts are those facts that might affect the outcome of the suit under the substantive law governing the claims made. An issue of fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" in light of the burdens of proof required by substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252, 106 S.Ct. 2505, 2510, 2512, 91 L.Ed.2d 202 (1986); *The Philadelphia Musical Society, Local 77 v. American Federation of Musicians of the United States and Canada*, 812 F.Supp. 509, 514 (E.D.Pa.1992). Thus, a non-moving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. *Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130, 138 (3d Cir.2001).

### Discussion

In our Memorandum and Order of July 29, 2003, we determined that the plaintiff had sufficiently alleged a state-protected property interest in his employment such as is protected by the procedural component of the 14th Amendment's due process clause and that he had likewise sufficiently averred that the manner in which the internal investigation and subsequent disciplinary hearings were conducted were biased and corrupt to render them inadequate and permit the claim for a procedural due process violation to move forward.

■■■ The essential principle of procedural due process is that a deprivation of life, liberty or property should be preceded by notice and an opportunity for a hearing appropriate to the nature of the case. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985); *King v. School District of Philadelphia*, Civ. A. No. 00–CV–2503, 2001 WL 856948, *1, 2001 U.S. Dist. LEXIS 10710 at *23–24

(E.D.Pa. July 26, 2001). In the employment context, notice and an opportunity to be heard generally refer to having some kind of a hearing before being discharged. *Gikas v. Washington School District*, 328 F.3d 731, 738 (3d Cir.2003). Before a plaintiff may raise a claim for failure to provide procedural due process, he must have taken advantage of the processes that are available to him or her, unless those procedures are unavailable or patently inadequate. *Gardner v. McGroarty*, 68 Fed. Appx. 307, 310–311, 2003 U.S.App. LEXIS 11452 (3d Cir. June 9, 2003); *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir.2000). If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants. *Id.*, citing, *inter alia, McDaniels v. Flick*, 59 F.3d 446, 460 (3d Cir.1995). In cases in which a due process claim is raised against a public employer and grievance and arbitration procedures are in place, the dictates of procedural due process are satisfied even if the hearing conducted by the employer is inherently biased. *Persico v. City of Jersey City*, 67 Fed.Appx. 669, 675, 2003 U.S.App. LEXIS 8101 (3d Cir. April 29, 2003); *Leheny v. City of Pittsburgh*, 183 F.3d 220, 228 (3d Cir.1999); *Dykes v. SEPTA*, 68 F.3d 1564, 1571 (3d Cir.1995); *King v. School District of Philadelphia, supra.*

■■■ In this case, the plaintiff had available to him a four-step Grievance and Arbitration Procedure set forth at Article 24 of the Collective Bargaining Agreement between the International Union of Operating Engineers local 835A and the County of Bucks as well as an opportunity for a hearing under the Department of Corrections Discipline Policy. As is clear from the record, the plaintiff availed himself of three of the four steps: he appealed the violation with which he was charged by

requesting a hearing and he received a hearing before the Deputy Warden who upheld the recommended penalty of a five-day suspension. Although the Warden later reduced the penalty to an official written reprimand, Plaintiff thereafter filed a grievance through the union, and was granted a hearing before the County Commissioners and their designees. As the plaintiff refused to testify at that hearing, the County decided to hold the grievance in abeyance until Plaintiff was ready to explain his version of the events of the Brennan incident and asked that Plaintiff inform it when he could appear for another hearing. Plaintiff never did so and instead elected to file this lawsuit. The record reflects however, that had Plaintiff returned to complete the grievance hearing and if he was still disenchanted with the County's decision following that step, he could then have filed a notice of appeal to arbitration with the Human Resources Director and an arbitration could have been held in accordance with the provisions of the Public Employee Relations Act. The only evidence to support the plaintiff's contention that the process was biased and corrupt is Warden Morton's admission that he removed what were arguably exculpatory statements from other inmates and corrections officers from the investigation file before it went to Deputy Warden Budd for the initial disciplinary hearing. Viewing the facts in the light most favorable to Officer Hennigan, however, it therefore appears that only the hearing before Deputy Warden Budd may have been inadequate. Given that Warden Morton himself overturned Deputy Warden Budd's decision to uphold the 5–day suspensions and reduced the penalties to official written reprimands, and in view of the fact that there is no evidence that the subsequent available process was tainted or inadequate, we conclude that the dictates of procedural due process were clearly satis-fied in this case. While Plaintiff may have grown weary and frustrated by the union grievance procedure, the above-cited cases make clear that he cannot just skip that process and use the federal courts as a means to get back what he wants. Thus, since the record clearly evinces that Plaintiff still had process available to him, we find that summary judgment in favor of the moving defendants is properly now entered.

An order follows.

### ORDER

AND NOW, this    day of June, 2004, upon consideration of the Motion of Defendants Bucks County, Howard Gubernick, Bucks County Department of Corrections, Willis E. Morton and Lillian Budd for Summary Judgment, it is hereby ORDERED that the Motion is GRANTED and Judgment as a matter of law is hereby entered in favor of the moving defendants and against the plaintiff in no amount.